282 So.2d 332

**Charles R. PITTMAN**

v.

**STATE.**

**6 Div. 536.**

Court of Criminal Appeals of Alabama.

Aug. 28, 1973.

No brief for appellant.

No brief for appellee.

CATES, Presiding Judge.

Appeal from denial of coram nobis.

Pittman, it is inferable, pled guilty *before* indictment to seven charges of robbery and four of kidnapping. The latter crime, kidnapping simpliciter, i.e., not for ransom, is punishable with not less than two, nor more than ten, in the penitentiary.

Robbery, of course, carries a punishment ranging from ten years to death. The latter punishment is now stayed by Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L. Ed.2d 346.

To allow pleas of guilty before indictment it was necessary to amend § 8 of the 1901 Constitution. This was done by Amendment 37. Amendment 37, however, does not apply to crimes involving capital punishment. Hence, Pittman's pleas of guilty, if in fact entered to the charges of robbery, should not have been accepted by the trial court. Capital offenses can only be charged by an indictment, State v. Middleton, 5 Port. 484.

The record before us does not show that the proceedings leading to the pleas of guilty were introduced in evidence either as documents certified by the deputy circuit clerk or through his testimony viva voce. Coram nobis is an independent civil proceeding and, hence, strictly on appeal, the record must show either a notation by the trial judge that he has taken judicial notice of the records of the original convictions or that the records thereof have been introduced in evidence in the post conviction action.

Accordingly, we must remand to have the lower court ascertain whether or not Pittman, in fact, was erroneously allowed to plead guilty to a capital offense before indictment.

Remanded with directions.

All the Judges concur.