SENTELL, Clerk.
RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION — FILING FEE FOR PETITION FOR WRIT OF ERROR CORAM NOBIS FOLLOWING A CRIMINAL CONVICTION
Mrs. Jean A. Scott, Circuit Clerk of Marshall County, Alabama, has submitted to me the following inquiry:
Should a civil filing fee be charged on a petition for writ of error coram nobis following a criminal conviction?
My answer to this question is given pursuant to Section 12-2-19(d), Code of Alabama 1975, which authorizes the Clerk of the Supreme Court to “give his opinion in writing on any question of the interpretation of any rule of administration promulgated by the Supreme Court to any other officer or official of the state who shows a need for such opinion and requests the same.”
The inquiry must be answered in the affirmative.
Rule 7 of the Rules of Judicial Administration provides:
Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes.
The term, “consolidated fee structure,” as used in Rule 7, Rules of Judicial Administration, means the listing of fees prescribed in Title 12, Chapter 19, Code of Alabama 1975. Opinion of the Clerk, No. 11, Ala., 356 So.2d 636 (1978).
There is no express cost under the consolidated fee structure for the filing of a petition for writ of error coram nobis following a criminal conviction.
Section 12-19-71, Code of Alabama 1975, prescribes certain docket fees for “civil cases.”
The appellate courts of Alabama have described coram nobis proceedings as being “in the nature of a new civil suit,” Smith v. State, 245 Ala. 161 at 162, 16 So.2d 315, at 316 (1944), and Brown v. State, 250 Ala. *DCCV 444, 35 So.2d 518, 520 (1948); and as “essentially civil in nature,” Ex Parte: Ernest Wilson (In Re: Ernest Wilson v. State), 275 Ala. 439, 440, 155 So.2d 611 (1963), and Ex Parte: Arthur B. Clark, 42 Ala.App. 562, 171 So.2d 473 (1965); and as “an independent civil proceeding,” Pittman v. State, 50 Ala.App. 712, 282 So.2d 332 (1973).
Other courts have also held that a petition for writ of error coram nobis is a “civil proceeding” or “civil action.” Peterson v. State, Mo., 476 S.W.2d 608 (1972); Buchanan v. Anderson, 293 Ky. 386, 168 S.W.2d 761, 762 (1943). See also People v. Fowler, 175 Cal.App.2d 808, 346 P.2d 792, cert. den. 363 U.S. 849, 80 S.Ct. 1627, 4 L.Ed.2d 1732.
In my opinion, a petition for a writ of error coram nobis should be treated as a civil case for the purpose of determining costs.
The words, “as an original filing for cost purposes,” in Rule 7 refer to the words, “cases filed,” in Section 12-19-71(3), Code of Alabama 1975. See Opinions of the Clerk, No. 1, Ala., 345 So.2d 1329 (1977) and No. 3, Ala., 345 So.2d 1338 (1977).
It is my opinion that the provisions of Section 12-19-71(3) apply to a petition for writ of error coram nobis and require a docket fee of $35.00.