Appellant Edward Horsley was jointly indicted with Brian Keith Baldwin for the capital offense of robbery when the victim is intentionally killed by the defendant. *Page 624 
The two men were tried separately and both were convicted and sentenced to death by electrocution.
The victim in this case was a 16-year-old girl who was abducted, while she was in her car, by appellant and his companion in North Carolina. In the course of the trip, which ended in Alabama, the girl was sexually assaulted, stabbed, and imprisoned in the trunk of the car. Several unsuccessful attempts were made to run her over with the stolen vehicle, and she was eventually killed by a hatchet blow to the neck.
Appellant raises only one issue on appeal. He contends that the evidence of lesser included non-capital offenses presented during his case warrants a new trial under the authority ofBeck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392
(1980).
Appellant asserts that it was not clear that Alabama had jurisdiction over the robbery portion of the offense and thus the jury should have been instructed on murder. The same issue was rejected by this court in the companion case of Baldwin v.State, 456 So.2d 117 (Ala.Cr.App. 1983). In that case Judge Tyson, writing for the court, concluded: ". . . the robbery at issue was a continuing offense which began in North Carolina and culminated in Alabama. . . . [W]hether the killing took place in North Carolina or Alabama was a question for the jury which they properly resolved after considering all of the evidence."
Thus we find it unnecessary to reconsider this issue in depth on appeal.
Appellant also contends that there was a failure to prove intent to murder his victim and thus the jury should have been instructed on first degree assault. In addition, he contends that charges should have been given on manslaughter and first degree robbery. Such charges would be mandated if the evidence supported the possibility that guilty verdicts for such crimes could be sustained (see Hopper v. Evans, 456 U.S. 605,102 S.Ct. 2049, 72 L.Ed.2d 367 (1982); however, the evidence in appellant's case does not support such instructions.
Appellant's intention to kill Ms. Rolon by running over her with a car was clearly established at trial. It is irrelevant that appellant's attempt to kill his victim was unsuccessful, since he had clearly formed the "particularized intent to kill." See Raines v. State, 429 So.2d 1104 (Ala.Cr.App. 1982) and cases cited therein.
We necessarily agree with counsel for appellee that death is the natural result of the act of running over a person with a car.
Since it has been previously established that the robbery and killing in this case constituted one continuous offense (seeBaldwin, supra) and since the evidence adduced at trial does not lend itself to support any lesser offense, we find no merit in this issue.
As required by § 13A-5-53 (b), Code of Alabama 1975, we must review the propriety of the imposition of the death penalty in this case by determining the following factors:
 "(1) Whether the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor;
 (2) Whether an independent weighing of the aggravating and mitigating circumstances at the appellate level indicates that death was the proper sentence; and
 (3) Whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant."
We can find no evidence whatsoever in the record to indicate that passion, prejudice or any arbitrary factor influenced the imposition of the death penalty in this case.
In addition, the findings of the trial court concerning the aggravating and mitigating circumstances were supported by the evidence (See Appendix A, attached hereto and made a part hereof).
Third, the death penalty has been imposed in cases similar to the instant one. *Page 625 
See Womack v. State, 435 So.2d 754 (Ala.Cr.App. 1982), aff'd,435 So.2d 766 (Ala. 1983); Baldwin, supra.
As required by Rule 45A, A.R.A.P., we have searched the record and have found no error adversely affecting appellant's rights.
We conclude for the foregoing reasons that the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.
 APPENDIX A STATE OF ALABAMA vs. EDWARD HORSLEY, Defendant.
IN THE CIRCUIT COURT OF
MONROE COUNTY, ALABAMA CASE NO. CC-77-52
The Court, having conducted a hearing pursuant to Title 15, Section 342 (6) of the 1940 Code of Alabama, as amended, to determine whether or not the Court will sentence Edward Horsley to death or to life imprisonment without parole; and the Court having considered the evidence presented at the trial and at said sentence hearing; the Court makes the following findings of fact:
The Court first considers the aggravating circumstances as set out in Title 15, Section 342 (8) of the 1940 Code of Alabama, as amended:
 (a) The Court finds that the capital felony of robbery in the course of which the victim was intentionally killed was committed by the defendant while he was under sentence of imprisonment in the state of North Carolina but from which he had escaped.
 (b) The Court further finds that the defendant was under sentence of conviction in the state of North Carolina involving a robbery in the course of which a police officer was shot.
 (c) The Court further finds that the capital felony was committed while the defendant was in the commission of robbery or flight after committing said crime of robbery.
 (d) The Court further finds that under the circumstances of this case as revealed by the record, the capital felony was especially heinous or atrocious or cruel.
The Court now considers mitigating circumstances as described in Title 15, Section 342 (9) of the 1940 Code of Alabama, as amended.
 (a) The Court finds the only mitigating circumstance to be the age of the defendant at the time of the commission of the crime, to-wit, nineteen.
The Court having considered the aggravating circumstances and the mitigating circumstances and after weighing the aggravating and mitigating circumstances, it is the judgment of the Court that the aggravating circumstances far outweigh the mitigating circumstances and that the death penalty as fixed by the jury should be and is hereby accepted.
It is therefore Considered and Adjudged by the Court that Edward Horsley is guilty of the capital felony charged in the indictment, and specifically of intentionally killing Naomi Rolon during the robbery or attempt thereof of the said Naomi Rolon, deceased.
It is therefore Ordered and Adjudged that you, Edward Horsley, suffer death by electrocution at any time before the hour of sunrise on the 16th day of March, 1978, inside the walls of the William C. Holman Unit of the Prison System at Atmore, Alabama, in a room arranged for the purpose of electrocuting convicts sentenced to death by electrocution.
It is therefore further Ordered and Adjudged by the Court that the Warden of William C. Holman Unit of the Prison System at Atmore, or in case of his death, disability, or absence, his deputy, or in the event of the death, disability, or absence of both the Warden and his deputy, the person *Page 626 
appointed by the Commissioner of Corrections, at any time before the hour of sunrise, shall on the 16th day of March, 1978, inside the walls of the William C. Holman Unit of the Prison System at Atmore, in a room arranged for the purpose of electrocuting convicts sentenced to death by electrocution, cause to pass through the body of the said Edward Horsley, a current of electricity of sufficient intensity to cause his death, and the continuance and application of such current through the body of the said Edward Horsley, until the said Edward Horsley be dead.
May God have mercy on your soul.
ORDERED this 16th day of December, 1977.
 /s/ Robert E.L.Key
Circuit Judge Thirty-fifth Judicial Circuit of Alabama State of Alabama