ALMON, Justice.
We disagree with the holding of the Court of Criminal Appeals that the presence of the defendant at sentencing is a matter of subject matter jurisdiction. The statement in Neal v. State, 257 Ala. 496, 59 So.2d 797 (1952), that without “the continuous presence of the defendant from arraignment to sentence ... the court has no jurisdiction to pronounce judgment against him,” must be read in light of the fact that Neal was a capital murder case. The presence of the defendant is at most a matter of in person-am jurisdiction and the right to be present can be waived except in capital eases, Rule 9.1, Ala.R.Crim.P.; the question whether Lancaster was properly sentenced in his absence is fairly within the terms of Rule 32.-1(b). Under the circumstances and given the posture of this case, we decline to reverse the ultimate judgment of the Court of Criminal Appeals affirming Lancaster’s newly imposed sentence. Therefore, we quash the writ as improvidently granted.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
HORNSBY, C.J., and SHORES, HOUSTON, STEAGALL, INGRAM and COOK, JJ., concur.