The appellant, Edward Horsley, Jr., appeals the trial court's denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P.
In 1977, the appellant was convicted of murder made capital because the murder was committed during the course of a robbery. The appellant was sentenced to death by electrocution, and the state appellate courts affirmed the appellant's conviction. Horsley v. State, 374 So.2d 363 (Ala.Cr.App. 1978), aff'd, 374 So.2d 375 (Ala. 1979). The United States Supreme Court vacated this state's affirmance of the case and remanded the case for consideration in light of Beck v. Alabama,447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), which held that a sentence to death could not be upheld unless the jury was allowed to consider any applicable lesser included offenses. See Horsley v. Alabama, 448 U.S. 903, 100 S.Ct. 3043,65 L.Ed.2d 1133 (1980). This court reversed appellant's conviction on the authority of Beck. See Horsley v. State,409 So.2d 1347 (Ala.Cr.App. 1981). The United States Supreme Court then vacated this court's reversal and remanded the case for consideration of its opinion in Hopper v. Evans, 456 U.S. 605,102 S.Ct. 2049, 72 L.Ed.2d 367 (1982), which held that a new trial is not warranted under Beck when the accused's evidence negates instructions on a lesser offense. See Alabama v.Horsley, 457 U.S. 1114, 102 S.Ct. 2921, 73 L.Ed.2d 1326 (1982). The appellant's conviction was affirmed on remand and the United States Supreme Court denied certiorari review. Horsleyv. State, 476 So.2d 623 (Ala.Cr.App. 1983), aff'd, 476 So.2d 626
(Ala. 1985), cert. denied, 475 U.S. 1031, 106 S.Ct. 1239,89 L.Ed.2d 347 (1986). *Page 909 
In 1986, the appellant filed his first postconviction petition attacking his conviction and sentence of death. That petition was denied. This court affirmed the trial court's denial of the petition, and both the Alabama Supreme Court and the United States Supreme Court denied certiorari review.Horsley v. State, 527 So.2d 1355 (Ala.Cr.App. 1988), cert. denied, 489 U.S. 1059, 109 S.Ct. 1328, 103 L.Ed.2d 596 (1989).
The facts of this case were recited in depth by this court inHorsley v. State, 374 So.2d at 365, and read, in pertinent part, as follows:
 "[O]n the night of March 12, 1977, Naomi Rolon, sixteen years of age, left her home in Hudson, North Carolina, to visit her father who was hospitalized there. . . . Defendant and Brian Keith Baldwin, who at the time were escapees from the Hudson Prison Unit in Hudson, North Carolina, seized the automobile and the keys thereof and drove it to Charlotte, North Carolina, with Naomi therein. . . . At Charlotte they choked her and attempted to rape her. She was stripped of her clothes, stabbed with a knife in various parts of her body, and locked in the trunk of her mother's automobile. They proceeded from there through a part of South Carolina, through Georgia via Atlanta, largely on I-85, and reached Montgomery. Thereafter, they veered from I-85 and drove to Camden, Alabama, where Baldwin stole an El Camino pickup truck, in which was a hatchet. From Camden, Baldwin drove the truck and Horsley drove the Chevrolet Impala, with Naomi in the trunk, down Highway 41 into Monroe County. They drove off the highway into a wooded and bushy area. At that place, Baldwin took Naomi out of the trunk of the automobile and told Horsley to back over her. When he backed up, Naomi stepped out of the way, stumbled into some pine tops, where Horsley again tried to back over her but the wheels of the automobile started spinning. Baldwin then took the hatchet that was in the stolen truck and killed her with it, saying to her, 'Move your hands so I can get it over with.' She was moaning before he hit her with the hatchet. A blow from the hatchet caused a large gaping wound in the base of her neck that caused her death."
The appellant contended in his current petition for postconviction relief that his equal protection rights were violated because blacks were purposefully excluded from jury service in Monroe County which, he contends, resulted in a violation of the United States Supreme Court's holding inSwain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759
(1965). Specifically, he contended that there was a pattern of systematic exclusion of blacks from jury service in Monroe County and that blacks were excluded from selection as grand jury forepersons. He also alleged in his petition that the prosecution violated the United States Supreme Court's holding in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986), by striking black prospective jurors. He further contended in his petition that his counsel's performance was constitutionally ineffective because he failed to adequately investigate and present mitigating evidence in the penalty phase of the proceedings against him. He contends that this was a result of the state's refusal to provide counsel with resources to investigate the case.
The trial court found that the Rule 32 petition was procedurally barred because it was filed beyond the period of limitations set forth in Rule 32.2(c), and that it was a successive petition as provided in Rule 32.2(b), Ala.R.Crim.P. The trial court also found that each of the claims raised in the petition were individually barred because they were not raised at trial or on direct appeal and were thus precluded in the post-conviction petition. Rules 32.2(a)(3) and 32.2(a)(5), Ala.R.Crim.P.
This court concurs with the trial court's holding that the petition was precluded because it was filed beyond the two-year limitations period provided in Rule 32 and it was successive, Rules 32.2(c), 32.2(b), and because the issues raised in the petition were not raised at trial or on direct appeal. Rule 32.2(a)(3), and Rule 32.2(a)(5). The trial court's denial of the appellant's petition for post-conviction relief is affirmed.
The appellant has filed a request to proceed in forma pauperis and, after consideration, it is hereby granted. *Page 910 
Further, for the foregoing reasons, the appellant's motion for stay of execution is hereby denied.
THE JUDGMENT OF THE TRIAL COURT IS AFFIRMED; MOTION TO PROCEED IN FORMA PAUPERIS IS GRANTED; MOTION FOR STAY OF EXECUTION IS DENIED.*
All the Judges concur.
* Note from the Reporter of Decisions: Following the denial of rehearing by the Court of Criminal Appeals, the Alabama Supreme Court, on February 15, 1996, on petition for certiorari review, affirmed, without opinion (docket 1950766). *Page 1292