The appellant, Robert Lee Tarver, Jr., appeals from the circuit court's dismissal of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P. Tarver is scheduled to be executed in Alabama's electric chair on February 4, 2000.
In 1985, Tarver was convicted of capital murder for murdering Hugh Sims Kite during the course of committing a robbery. He was sentenced to death by electrocution and his conviction and sentence were affirmed on direct appeal. Tarver v. State,500 So.2d 1232 (Ala.Cr.App.), aff'd, 500 So.2d 1256 (Ala. 1986), cert. denied, 482 U.S. 920 (1987). In 1987, Tarver filed his first postconviction *Page 267 
petition. The trial court denied relief as to conviction, but ordered a new sentencing hearing. Both the State and Tarver appealed. We affirmed that part of the trial court's judgment relating to Tarver's conviction, reversed that part of the judgment ordering a new sentencing hearing and remanded the case for the trial court to correct its order to conform with our opinion. State v. Tarver, 629 So.2d 14 (Ala.Cr.App. 1993), cert. denied, 511 U.S. 1078 (1994). In 1995, Tarver filed a petition in federal court for a writ of habeas corpus. That petition was denied; the United States Court of Appeals for the Eleventh Circuit affirmed the lower court's ruling. Tarver v.Hopper, 169 F.3d 610 (11th Cir. 1999).
On January 21, 2000, approximately three weeks before Tarver's execution date, he filed the petition that is the subject of this appeal. Tarver has also filed a motion to stay his execution.
The facts surrounding Tarver's capital murder conviction were recited in depth by this Court in Tarver, 500 So.2d at 1238, where we stated, in part, as follows:
 "Andrew Richardson testified that the appellant came to his house at 8:00 p.m. (Central time) on the evening of September 15, 1984. The appellant asked Richardson to go for a ride and said he wouldn't be gone long. He stated he had some business to do with a white man.
 "The appellant had with him some coveralls, a wig and a stocking mask. He put on these items and asked Richardson if he would fool anyone. The two then left Richardson's house in the appellant's Chevrolet. The appellant drove down Highway 165 and passed Kite's Store. They drove to ML's Club where Richardson went inside to find his brother.
 "When Richardson returned to the car, the appellant drove back down Highway 165 and turned off into a pasture. The appellant drove down a dirt road and then backed up the car and headed it towards the highway.
 "The two sat and talked for a while. The appellant was drinking a Budweiser beer at this time.
 "At some point, the appellant told Richardson that he hated to do it but he had to, and told Richardson to take his car home and park it if he didn't come back.
 "The appellant then got out of the car and put on the wig and mask. He then headed towards Kite's Store. Approximately five to 10 minutes after the appellant left, Richardson heard three shots. Although scared, Richardson remained at the car until the appellant returned.
 "When the appellant got back to the car, he did not have the mask or the wig. He told Richardson to drive after he got in the passenger seat. As Richardson was driving, the appellant told him to stop. The appellant then left his clothes in some bushes.
 "When the appellant got back to the car, he told Richardson that he had messed up and killed the victim.
 "Richardson then drove to his house. The appellant counted some money and gave Richardson $80. He stuck the gun in the inside arm of the couch in Richardson's house."
Tarver raises only one issue on this appeal. He argues that the trial court erred in dismissing his petition without a hearing on his claim that Alabama's method of execution, the electric chair, constitutes cruel and unusual punishment and thereby violates the Eighth Amendment to the United States Constitution. Tarver argues that using Alabama's electric chair to effectuate his death sentence will subject him to cruel and unusual punishment because, he says, electrocution is an "intensely painful experience, characterized by suffering, painful burns, and scorched skin and organs . . . ." (Tarver's brief to this Court at 26.) *Page 268 
The court, in summarily dismissing this claim, stated:
 "The certificate of judgment in Tarver's case was issued on January 27, 1987. The relief sought by Tarver in the first claim, which alleges that electrocution is violative of the Eighth Amendment, falls under Rule 32.1(a) of the Alabama Rules of Criminal Procedure, and is, therefore, subject to the two-year limitations period set forth in Rule 32.2(c). According to Rule 32.2(c), the limitations period could not begin to run until April 1, 1987. Thus, Tarver's petition on this ground should have been filed before April 2, 1989. Because this petition was filed on January 21, 2000, well after the two-year limitations period lapsed, this Court does not have the power to entertain this petition on the merits. Siebert v. State, No. CR-98-0868, slip op. (Dec. 30, 1999)."[1]
We agree. Constitutional claims are subject to the two-year limitation period set forth in Rule 32.2(c), Ala.R.Crim.P. SeeEdwards v. State, 671 So. 129 (Ala.Cr.App. 1995), and Nicastrov. State, 624 So.2d 665 (Ala.Cr.App. 1992). Also, we have repeatedly held that the procedural bars in Rule 32 apply equally to all cases, including those in which the death penalty has been imposed. See Nicks v. State, [Ms. CR-96-2446, October 1, 1999] ___ So.2d ___ (Ala.Cr.App. 1999); Horsley v. State, 675 So.2d 908
(Ala.Cr.App. 1996); Thompson v. State, 615 So.2d 129
(Ala.Cr.App.), cert. denied, 510 U.S. 976 (1993).
This claim is also procedurally barred because it could have been, but was not, raised on direct appeal. See Rule 32.2(a)(5), Ala.R.Crim.P. We addressed an identical issue in Pierce v. State, [Ms. CR-96-1668, March 2, 1999] ___ So.2d ___ (Ala.Cr.App. 1999), and likewise found the claim to be procedurally barred based on Rule 32.2(a)(5).
The circuit court correctly denied Tarver's postconviction petition. The trial court's judgment denying Tarver's Rule 32 petition is affirmed. Further, Tarver's motion for a stay of execution is due to be denied.
AFFIRMED; MOTION FOR STAY OF EXECUTION DENIED.
LONG, P.J., and McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.
[1] Tarver made no attempt to argue that this claim presented newly discovered evidence. See Rule 32.1(e), Ala.R.Crim.P. *Page 975