The appellant, Thomas Douglas Arthur, was convicted of murdering Troy Wicker, an offense defined as capital because Arthur had previously been convicted of a previous murder in the 20 years prior to murdering Wicker.[1] See § 13A-5-40(a)(13), Ala. Code 1975. Arthur was convicted of this offense and sentenced to death; this conviction and sentence were reversed by the Alabama Supreme Court on April 5, 1985, because of the improper admission of evidence of the prior murder he had committed. Ex parte Arthur, 472 So.2d 665 (Ala. 1985). He was again tried, convicted, and sentenced to death, but the second conviction was reversed by the Alabama Court of Criminal Appeals on May 25, 1990, because of the absence of the constitutionally necessary predicate for the admission into evidence of Arthur's statement. Arthur v. State,575 So.2d 1165 (Ala.Crim.App. 1990), cert. denied, 575 So.2d 1191 (Ala. 1991). Thereafter, the appellant was tried for the third time; that conviction and sentence of death are the subject of the present Rule 32, Ala.R.Crim.P., petition. Arthur was allowed to act as co-counsel during this trial. (Arthur, in his postconviction petition, argued that his trial counsel's performance was ineffective because counsel did not object to Arthur's acting as co-counsel. This issue was thoroughly addressed by this Court on Arthur's direct appeal.) He personally addressed the jury in closing argument in the penalty phase and asked that the jury sentence him to death. The jury recommended, by a vote of 11 to 1, that Arthur be sentenced to death.[2] The trial court *Page 888 
accepted the jury's recommendation and sentenced him to death by electrocution. Arthur's conviction and sentence were affirmed on direct appeal. See Arthur v. State, 711 So.2d 1031 (Ala.Crim.App. 1996), aff'd,711 So.2d 1097 (Ala. 1998). The facts of this capital offense were detailed in this Court's opinion in Arthur v. State, 711 So.2d 1031
(Ala.Crim.App. 1996). On January 25, 2001, Arthur filed a postconviction petition pursuant to Rule 32, Ala.R.Crim.P. The petition was accompanied by a motion to file an out-of-time Rule 32 petition. The State moved that the petition be dismissed because it was filed outside the two-year limitations period provided in Rule 32.2(c). The Honorable James H. Hard dismissed the Rule 32 petition by an order dated March 14, 2001.[3]
Arthur filed a notice of appeal on April 5, 2001. Arthur filed his brief with this Court after hours on April 20, 2001, and the State filed its brief on April 24, 2001. On March 23, 2001, the Alabama Supreme Court issued an order setting Arthur's execution in Alabama's electric chair for April 27, 2001.
Rule 32.7(c), Ala.R.Crim.P., provides that counsel may be appointed once a petition is filed in the circuit court, and Rule 32.7(b), Ala.R.Crim.P., authorizes a petition to be amended at any time prior to entry of a judgment.
Rule 32.2(c), Ala.R.Crim.P., states:
 "Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) [constitutional claims] and (f) [failure to appeal within proscribed time], unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala.R.App.P. . . ."
This Court issued the certificate of judgment in Arthur's case on April 7, 1998. This Rule 32 petition was not filed until January 25, 2001 — nearly three years after the certificate was issued.
The trial court, when denying postconviction relief, stated in part:[4]
 "Thomas Arthur's time for timely filing a Rule 32 petition expired on April 7, 2000. Arthur's Rule 32 petition was not filed until January [25], 2001. Despite Arthur's styling of his claims, it is apparent to this Court that all of the allegations raised are allegations of constitutional error. Accordingly, every claim contained in Arthur's petition is subject to the preclusionary aspect of Rule 32.2(c), Alabama Rules of Criminal Procedure. This Court is precluded from *Page 889 
 reviewing Arthur's claims because of the mandatory and jurisdictional nature of the Rule 32 statute of limitation. This Court cannot entertain any late filed petition asserting constitutional grounds."
We agree with the trial court. We have held that the two-year limitations period in Rule 32.2(c), Ala.R.Crim.P., is mandatory and jurisdictional. See Williams v. State, 783 So.2d 135
(Ala.Crim.App.2000). All of the issues raised in the petition challenge his conviction based on alleged constitutional violations and alleged defects in his trial. These claims must be presented within two years after the issuance of the certificate of judgment. They were not. As we stated in Tarver v. State, 761 So.2d 266, 268 (Ala.Crim.App.2000), another capital case where the petitioner was facing imminent execution:
 "Constitutional claims are subject to the two-year limitation[s] period set forth in Rule 32.2(c), Ala.R.Crim.P. See Edwards v. State, 671 So.2d 129
(Ala.Cr.App. 1995), and Nicastro v. State, 624 So.2d 665
(Ala.Cr.App. 1992). Also, we have repeatedly held that the procedural bars in Rule 32 apply equally to all cases, including those in which the death penalty has been impsoed. See Nicks v. State, [783] So.2d [895] (Ala.Cr.App. 1999); Horsley v. State, 675 So.2d 908
(Ala.Cr.App. 1996); Thompson v. State, 615 So.2d 129
(Ala.Cr.App.), cert. denied, 510 U.S. 976 (1993)."
This petition was filed outside the limitations period; therefore, the trial court correctly granted the State's motion to dismiss the petition.
Arthur attempted to couch one of his issues in terms of the jurisdiction of the court. Jurisdictional issues are not subject to any limitations period. See Rule 32.2(c). Arthur argued that the indictment issued against him was void because, he alleged, the district attorney had a conflict of interest. This issue is without merit based on the affidavit filed by the district attorney; however, even if this issue had been meritorious, Arthur has failed to show that he suffered any prejudice. Arthur was indicted twice for this offense by two different grand juries. Arthur was also tried and convicted three times for capital murder. This issue is meritless, does not raise a jurisdictional question, and is barred by the two-year limitations period in Rule 32.2(c).
Arthur argues that there is good cause for his late filing of this postconviction petition and that he should be excluded from the preclusion requirement of Rule 32.2(c). The courts of this State, insofar as our research shows, have never recognized an exception to the limitations period in Rule 32.2(c). This rule is mandatory, not permissive, and specificaly provides that a trial court "shall not entertain any petition" if that petition is filed outside the limitations period and the petition fails to raise a jurisdictional defect.
Federal habeas corpus proceedings, similar to our Rule 32 proceedings, have a one-year specified time limitations period within which a state inmate may file for federal habeas corpus relief. See28 U.S.C. § 2244(d)(1). However, the United States Court of Appeals for the Eleventh Circuit and other federal circuits have recognized that "`[section 2244] permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."' Steed v. Head, 219 F.3d 1298, 1300
(11th Cir. 2000) (quoting Sandvik v. United States, 177 F.3d 1269, 1271
(11th Cir. 1999) (per curiam))." Wyzykowski v. Department ofCorrections, 226 F.3d 1213, 1216 (11th Cir. 2000). This *Page 890 
State has never, insofar as we can ascertain, recognized any exception to the filing deadline in Rule 32.2(c). Even if this State had recognized such an exception, we believe that Arthur failed to show that he is entitled to the "equitable tolling" of the one-year statute of limitations in 28 U.S.C. § 2244.
Arthur further contends that the two-year limitations period in Rule 32 results in the unconstitutional suspension of his right to habeas corpus relief, a right that the United States Supreme Court has held can never be suspended. We agree with Judge Hard's order concerning this argument:
 "Arthur contends that the two-year statute of limitations in Rule 32 is an unconstitutional suspension of the writ of habeas corpus. While in the nature of a writ of habeas corpus, Rule 32 is, in fact, a procedural mechanism for seeking post-conviction relief and is promulagted under the rule making authority of the Alabama Supreme Court. Legal procedures such as Rule 32 are subject to reasonable procedural restrictions without such restrictions being a suspension of the writ of habeas corpus. Felker v. Turipin, 518 U.S. 651, 663-664
(1996). The two-year statute of limitations for raising constitutional claims in post-conviction proceedings is certainly a reasonable restriction and serves the purpose of requiring that constitutional claims be presented in a reasonable time in order to achieve the meaningful result of finality of criminal judgments."
Arthur's interpretation of Alabama's Rule 32 proceedings contradicts the express words of the United States Supreme Court in Pennsylvania v.Finley, 481 U.S. 551, 556-57 (1987), where that Court stated:
 "Postconviction relief is even further removed from the criminal trial than is discretionary direct review. It is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature. See Fay v. Noia, 372 U.S. 391 (1963). It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief, cf. United States v. MacCollom, 426 U.S. 317, 323
(1976). . . ."
Judge Hard correctly denied relief based on the fact that the petition was filed outside the two-year limitations period. For the foregoing reasons, this cause is due to be, and is hereby, affirmed.
AFFIRMED.
McMillan, P.J., and Wise, J., and Maddox, Special Judge,* concur. Cobb, Baschab, and Shaw, JJ., recuse themselves.
[1] Arthur had previously been convicted of the 1977 murder of Eloise Bray West, the sister of his common-law wife. The Alabama Supreme Court detailed the circumstances surrounding this offense in Ex parte Arthur,472 So.2d 665 (Ala. 1985). Arthur went to West's place of business and inquired about where his wife was. When West ordered him to leave the premises and picked up her telephone, Arthur pointed a gun at her and fired three times. West died as a result of a gunshot wound to her right eye.
[2] This Court, addressing this issue on direct appeal, stated:
 "The appellant . . . presented his argument to the jury, requesting that it recommend a death sentence. He set forth all of his reasons for asking the jury to do so: that he needed access to the death row library at Holman Prison; that he did not want to die and was positive he would not be executed, but that he believed he could better fight his conviction from death row; that death row inmates have more visitation time; that a death row sentence would result in an automatic appeal with heightened scrutiny; that he had asked for a death sentence in each of his prior trials and had been sentenced to death each time, and each case ended in a reversal on appeal; and that his jail cell at Holman Prison had become like home to him. The jury then granted the appellant's request by returning an advisory verdict of death. The appellant then advanced his argument to the trial court again through a letter and subsequently at the final sentencing hearing."
Arthur v. State, 711 So.2d 1031, 1089 (Ala.Crim.App. 1996).
[3] Judge Hard presided over Arthur's third trial.
[4] Rule 32.7(d) allows a trial court to summarily dismiss a petition that is procedurally barred.
* Retired Associate Justice Hugh Maddox was appointed on April 19, 2001, to be a Special Judge in regard to this appeal after three judges of this Court recused themselves from hearing this case. See § 12-3-17, Ala. Code 1975.
 *Page 22