[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 380 
The State filed this petition for a writ of mandamus directing Judge John R. Lockett to dismiss Larry Eugene Hutcherson's postconviction petition filed pursuant to Rule 32, Ala.R.Crim.P. In 1992, Hutcherson was convicted of capital murder. The Alabama Supreme Court subsequently reversed his conviction. See Ex parte Hutcherson, 677 So.2d 1205 (Ala. 1996). Hutcherson then pleaded guilty to capital murder and was sentenced to death by electrocution. His conviction and sentence were affirmed on direct appeal. See Hutcherson v. State, 727 So.2d 846 (Ala.Crim.App. 1997), aff'd, 727 So.2d 861 (Ala. 1998), cert. denied, 527 U.S. 1024
(1999). On January 5, 1999, we issued the certificate of judgment in Hutcherson's case. On May 4, 2001, Hutcherson filed a petition for postconviction relief pursuant to Rule 32, Ala.R.Crim.P. The State moved that the petition be dismissed because it was filed more than two years after the certificate of judgment was issued and thus was, the State argued, barred by the limitations provision of Rule 32.2(c), Ala.R.Crim.P. Judge Lockett heard oral argument on the issue and took the matter under advisement. Judge Lockett has scheduled a hearing on the merits of the claims, but has not yet held the hearing. The State filed this mandamus petition, requesting us to order Judge Lockett to grant its motion to dismiss. Because a hearing on this case is imminent, we have expedited the filing of the respondent's answer and our decision in this case. See Rule 21(a), Ala.R.Crim.P.
Before we review the merits of this mandamus petition, we must first determine if mandamus is the appropriate manner in which to seek review of the ruling in this case. The State seeks review of a pretrial ruling on a motion that sought dismissal of the petition based on the defense that the limitations period had expired. The Alabama Supreme Court has shown an increasing willingness to review by mandamus petition pretrial rulings that raise viable defenses that would bar subsequent action. SeeEx parte Ziglar, 669 So.2d 133 (Ala. 1995).
The Supreme Court has recognized that a petition for a writ of mandamus can be used to review issues where "the rights of the parties cannot be adequately protected by appellate review of a final judgment." Ex parteSpears, 621 So.2d 1255, 1258 (Ala. 1993). The Alabama Supreme Court in Exparte Spears stated:
 "It is now a well-established general rule in this state that if the matters complained of can ultimately be presented by an appeal, a writ of mandamus will not be issued. Ex parte Fowler, 574 So.2d 745 (Ala. 1990). However, this Court, exercising its discretion, has recognized certain exceptions to this general rule in specific cases where appeals are not considered to be adequate to prevent `undue injury.' See, e.g., Ex parte Nissei Sangyo America, Ltd., 577 So.2d 912 (Ala. 1991) (mandamus proper to review discovery rulings); Ex parte Insurance Co. of North America, 523 So.2d 1064 (Ala. 1988) (mandamus proper to enforce a trial court's compliance with this Court's mandate); Ex parte Rush, 419 So.2d 1388 (Ala. 1982) (mandamus proper to enforce a statutory or constitutional right to a jury trial); Ex parte Weissinger, [247 Ala. 113, 22 So.2d 510 (1945)] supra (mandamus proper to *Page 381 
vacate certain interlocutory rulings in divorce cases); see, also, Ex parte Brooks, 264 Ala. 674, 89 So.2d 100 (1956); and Brittain v. Jenkins, 263 Ala. 683, 83 So.2d 432 (1955), and the cases cited therein. The rationale underlying the recognition of these exceptions has not always been crystal clear. For example, the remedy by appeal that will make mandamus review unavailable was described by this Court in one case as `one competent to afford relief on the very subject matter in question, and which is equally convenient, beneficial, and effectual.' See East v. Todd, 284 Ala. 495, 499, 226 So.2d 153, 156
(1969). Matters of expense and public interest have also been considered important factors in some cases. See, e.g., Ex parte Weissinger, supra. On the other hand, in Ex parte Moss, 278 Ala. 628, 179 So.2d 753
(1965); and Ex parte Brooks, supra, this Court stated that expense and inconvenience were not controlling in determining whether a party had an adequate remedy by appeal."
621 So.2d at 1256-57. "`The test, as to whether mandamus will be issued, now seems to depend on whether the remedy by appeal is adequate to prevent undue injury rather than the availability merely of [a] remedy by appeal. Ex parte Watters, 180 Ala. 523, 61 So. 904 [(1913)].'" Ex parteSpears, 621 So.2d at 1256, quoting Ex parte Weissinger, 247 Ala. 113,118-19, 22 So.2d 510, 515 (1913). See also Ex parte L.S.B., 800 So.2d 574
(Ala. 2001).
The question is not, as Hutcherson argues, whether the State has a remedy, but whether the remedy is adequate to prevent "undue injury." See Ex parte Spears. Therefore, we have considered the great time, resources, money, and inconvenience the State will be forced to expend to defend the merits of the petition before a trial court that possibly has no jurisdiction to entertain it. (This Court has stated that the limitations provision contained in Rule 32.2(c), Ala.R.Crim.P., creates a jurisdictional bar that prevents a trial court from entertaining an untimely filed Rule 32 petition. See Williams v. State, 783 So.2d 135
(Ala.Crim.App. 2000)). We have also considered that the State may be unduly prejudiced in federal court if evidence is presented and the trial court rules on the merits of a claim that is procedurally barred. "`[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case "`clearly and expressly'" states that its judgment rests on a procedural bar.'" Mullins v. State, 555 So.2d 1156, 1158 (Ala.Crim.App. 1989), quoting Harris v. Reed, 489 U.S. 255 (1989).
We believe that this case presents a classic example of the type of interlocutory ruling that our Supreme Court has held to be reviewable by mandamus petition. See Ex parte Snow, 764 So.2d 531 (Ala. 1999) (the Alabama Supreme Court granted mandamus relief when a trial court failed to grant a motion for a summary judgment that alleged that the statute of limitations had expired) and Ex parte Flint Constr. Co., 775 So.2d 805
(Ala. 2000) (question whether trial court has subject-matter jurisdiction may be raised in a mandamus petition). Therefore, this case is properly before us by mandamus petition, and we will evaluate the merits of this petition.
The State argues that the trial court should grant its motion to dismiss the petition because, it says, all of the claims in the petition are barred by the limitations period in Rule 32.2(c), Ala.R.Crim.P., and the court, therefore, is without jurisdiction to hear the merits of the petition. Rule 32.2(c) states: *Page 382 
 "Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, [Ala.]R.App.P.; or (2) In the case of a conviction not appealed to the Court of Criminal Appeals, within two (2) years after the time for filing an appeal lapses. The court shall not entertain a petition based on the grounds specified in Rule 32.1(e) unless the petition is filed within the applicable two-year period specified in the first sentence of this section, or within six (6) months after the discovery of the newly discovered material facts, whichever is later; provided, however, that the two-year period during which a petition shall be brought shall in no case be deemed to have begun to run before the effective date of the precursor of this rule, i.e., April 1, 1987."
Rule 32.1(a) and Rule 32.1(f), referenced in Rule 32.2(c), refer to challenges to the constitutionality of the trial or the sentence and the failure of the petitioner to appeal his conviction and sentence. These two issues are barred if not raised within two years of the issuance by this Court of the certificate of judgment. Here, the respondent concedes that this petition was filed outside the limitations period specified in Rule 32.2(c), Ala.R.Crim.P. We issued the certificate of judgment on January 5, 1999; the postconviction petition was filed on May 4, 2001. Hutcherson argues that Judge Lockett has the authority and jurisdiction to extend the time for filing a postconviction petition if "excusable neglect" is established. Hutcherson argues that he has shown excusable neglect because counsel stated that he thought the limitations period began to run on the date the United States Supreme Court denied certiorari review, not the date this Court issued a certificate of judgment in the case. He cites Rule 1.3(b), Ala.R.Crim.P., in support of this contention. This section provides:
 "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for good cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect, but it may not, except as provided elsewhere in these rules, extend the time for making a motion for new trial, for taking an appeal, or for making a motion for a judgment of acquittal pursuant to Rule 20."
The Rules of Criminal Procedure and prior caselaw do not support Hutcherson's argument. Rule 1.1, Ala.R.Crim.P., defines the scope of the Rules and states, "These rules shall govern the practice and procedure in all criminal proceedings in all courts of the State of Alabama, and political subdivisions thereof, except as otherwise provided by court rule." (Emphasis added.) "Criminal proceeding" is defined as "the prosecution of any offense as defined in Rule 1.4(s), and may be commenced only by complaint or indictment." See Rule 1.4(h), Ala.R.Crim.P. "`Offense' means conduct for which a sentence to a term of imprisonment, or the death penalty, or for which a fine is provided by any law of this state or by any law, local law, *Page 383 
or ordinance of a political subdivision of this state." See Rule 1.4(s), Ala.R.Crim.P. Rule 32 proceedings are not "criminal proceedings."
In previous opinions we have held that postconviction proceedings filed pursuant to Rule 32 are civil proceedings. In State v. Click, 768 So.2d 417
(Ala.Crim.App. 1999), cert. denied, 531 U.S. 834 (2000), we stated:
 "Initially, we observe that this Court has held that postconviction proceedings are civil proceedings and not criminal proceedings as Click contends. See Carroll v. State, 462 So.2d 789 (Ala.Cr.App. 1984) (`Coram nobis is treated procedurally as a cross between a civil and a criminal action; it is a new civil action.'); Hobson v. State, 425 So.2d 511
(Ala.Cr.App. 1982) (`even though a coram nobis petition seeks relief from a criminal judgment, it is a civil proceeding.'); Behel v. State, 405 So.2d 51
(Ala.Cr.App. 1981) (`Coram nobis proceedings are civil in nature and the burden of proof is on the appellant to show that he [is] entitled to relief.'); Pittman v. State, 50 Ala. App. 712, 282 So.2d 332 (1973), opinion supplemented, 52 Ala. App. 708, 295 So.2d 431
(1974) (coram nobis is `independent civil proceeding').[1]
 "The United States Supreme Court has also recognized that postconviction proceedings are civil in nature. In Pennsylvania v. Finley, 481 U.S. 551, 556-57 (1987), that Court stated:
 "`Postconviction relief is even further removed from the criminal trial than is discretionary direct review. It is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature. See Fay v. Noia, 372 U.S. 391, 423-23, 83 S.Ct. 822, 841, 9 L.Ed.2d 837 (1963). It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief, cf. United States v. MacCollom, 426 U.S. 317, 323, 96 S.Ct. 2086, 2090-2091, 48 L.Ed.2d 666 (1976). . . .'"
768 So.2d at 419 (footnote omitted). Rule 1.3, as limited by the provisions as to scope in Rule 1.1, has no application to Rule 32 proceedings.
We note that Rule 32.4, Ala. Code 1975, states the following:
 "A proceeding under this rule displaces all post-trial remedies except post-trial motions under Rule 24 and appeal. Any other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under this rule. Proceedings under this rule shall be governed by the Rules of Criminal Procedure, except that the trial court in its sole discretion may allow the taking of depositions for discovery or for use at trial."
Rule 1.3(b) is prefaced with the following language, "When by these rules. . . ." The rules which apply only to criminal actions initiated by an indictment or complaint do not contain the statute of limitations provision in question. Thus, Rule 1.3(b) has no field of operation even though Rule 32.4 states that the Rules of Criminal Procedure generally apply.
Moreover, the Rules of Criminal Procedure by their very subject matter have little application to Rule 32 proceedings. For example, Rule 2 addresses the commencement and prosecution of criminal proceedings; Rule 3 addresses arrest *Page 384 
warrant or summons upon commencement of criminal proceedings; Rule 4 addresses arrest and initial appearance; Rule 5 addresses preliminary hearings; and Rule 6 addresses the right to counsel.[2] The rules address the initial prosecution and subsequent trial of a criminal matter. Rule 16, which addresses discovery, has been held to have limited application to Rule 32 proceedings. See Ex parte Land, 775 So.2d 847
(Ala. 2000) (discovery in postconviction proceedings is available if petitioner has established "good cause" for the disclosure of the requested information). We are aware of no other rule of criminal procedure that has been held to apply to Rule 32 proceedings.
Furthermore, the Alabama Supreme Court adopted the Rules of Criminal Procedure pursuant to Amendment No. 328, § 6.11, Ala. Const. 1901, which provides:
 "The supreme court shall make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, however, that such rules shall not abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts or venue of actions therein; and provided, further, that the right of trial by jury as at common law and declared by section 11 of the Constitution of Alabama 1901 shall be preserved to the parties inviolate. These rules may be changed by a general act of statewide application."
(Emphasis added.) The statute of limitations effects both a substantive right and the jurisdiction of the court — rights that the Supreme Court cannot abridge by rule. See Ex parte Campbell, 784 So.2d 323 (Ala. 2000) (statute of limitations is jurisdictional and an indictment returned after the expiration of the limitations period is void); andHall v. State, 497 So.2d 1145 (Ala.Crim.App. 1986) (statute of limitations creates a substantive and fundamental right). See also H. Maddox, Alabama Rules of Criminal Procedure, § 32.2 (3d ed. 1999) ("The statute of limitations is a jurisdictional matter.").
Neither does prior caselaw support Hutcherson's argument. As this Court stated in Williams v. State, 783 So.2d 135, 137 (Ala.Crim.App. 2000):
 "Rule 32.2(c), Ala.R.Crim.P., establishes a limitations period for filing a petition for post-conviction relief on the grounds specified in Rule 32.1(a) and (f), Ala.R.Crim.P., and its language is mandatory. See Hugh Maddox, Alabama Rules of Criminal Procedure § 32.2 (3d ed. 1999). `The statute of limitations is a jurisdictional matter.' Hines v. State, 516 So.2d 937, 938 (Ala.Crim.App. 1987). See also Ex parte Campbell, 784 So.2d 323
(Ala. 2000); Hunt v. State, 642 So.2d 999
(Ala.Crim.App. 1993), aff'd, 642 So.2d 1060 (Ala. 1994). Therefore, the failure to file a Rule 32 petition within the two-year limitations period is a jurisdictional defect that can be noticed at any time and is not waived by the failure of the State to assert it."
"We have held that the two-year limitations period in Rule 32.2(c), Ala.R.Crim.P., is mandatory and jurisdictional. See Williams v. State,783 So.2d 135 (Ala.Crim.App. 2000)." Arthur v. State, 820 So.2d 886, 889
(Ala.Crim.App. 2001), cert. denied, [Ms. 1001966, November 2, 2001]820 So.2d 886 (Ala. 2001). We also recognized in Arthur that "[t]he courts of this State, insofar as our research shows, *Page 385 
have never recognized an exception to the limitations period in Rule 32.2(c). This rule is mandatory, not permissive, and specifically provides that a trial court `shall not entertain any petition' if that petition is filed outside the limitations period and the petition fails to raise a jurisdictional defect."[3]
820 So.2d at 888. Jurisdictional defects cannot be waived or excused. SeeMitchell v. State, 777 So.2d 312 (Ala.Crim.App. 2000), and Lancaster v.State, 638 So.2d 1370 (Ala.Crim.App. 1993), after remand, 638 So.2d 1375
(Ala.Crim.App. 1993), cert. quashed, 638 So.2d 1375 (Ala. 1994).
We are aware of the dicta in our decision in Siebert v. State,778 So.2d 842 (Ala.Crim.App. 1999), cert. denied, 778 So.2d 857 (Ala. 2000), that may be construed to imply that the excusable neglect provision in Rule 1.3 applies to Rule 32 proceedings. Subsequent decisions of this Court, though not specifically citing Siebert, have by implication invalidated any contradictory language contained in Siebert. See Arthur and Williams. To alleviate any future confusion we take this opportunity to specifically disapprove of any statements in Siebert that imply that the excusable neglect provision in Rule 1.3 has any application to Rule 32 proceedings.
Hutcherson also argues that we should excuse the limitations period in Rule 32 because he has been sentenced to death. We have often stated that the procedural bars of Rule 32 apply with equal force to all cases, even those involving the death penalty. See Horsley v. State, 675 So.2d 908
(Ala.Crim.App. 1996), and Thompson v. State, 615 So.2d 129
(Ala.Crim.App.), cert. denied, 510 U.S. 976 (1993).
Hutcherson argues in his Rule 32 petition that he was denied a fair trial (he asserts several different constitutional grounds in support of this argument), that his guilty plea was improperly induced; that the trial court failed to comply with the procedural requirements for accepting a guilty plea, and that he was denied the constitutional right to the effective assistance of counsel (he cites 30 different grounds in support of this contention). None of the issues are jurisdictional. All are subject to the limitations period of Rule 32.2(c). See Tarver v.State, 761 So.2d 266 (Ala.Crim.App. 2000) (constitutional claims are subject to the limitations period in Rule 32.2(c)); George v. State,774 So.2d 608 (Ala.Crim.App. 2000) (issues concerning voluntariness of guilty pleas must be raised within the limitations period set in Rule 32.2(c)).
Rule 1.3 does not apply to postconviction proceedings initiated under Rule 32, Ala.R.Crim.P. Rule 32.2(c) is a mandatory, substantive, and jurisdictional provision that a trial court cannot excuse or waive. Thus, Judge Lockett has no authority or jurisdiction to enlarge the time for filing Hutcherson's postconviction petition. *Page 386 
The State has established a clear legal right to the relief sought. The trial court should dismiss the Rule 32 petition without requiring the State to go to the considerable time and expense of mounting an attack on the merits of Hutcherson's Rule 32 petition when the trial court has no jurisdiction to consider it. See Williams. By issuing this writ we do not wish to be understood as being critical of Judge Lockett's actions. We are mindful that Judge Lockett could have relied on our decision inSiebert.
It is hereby ordered that this petition be and the same is hereby granted. Judge Lockett is directed to set aside his previous order and to grant the State's motion to dismiss Hutcherson's postconviction petition.
PETITION GRANTED.
McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur.
Shaw, J., concurs in the result, without opinion.
[1] A petition for coram nobis was the precursor to a postconviction petition filed pursuant to Rule 20, Ala.R.Crim.P.Temp, now Rule 32, Ala.R.Crim.P.
[2] There is no right to counsel in a Rule 32 proceeding. See State v.Click, 768 So.2d 417 (Ala.Crim.App. 1999).
[3] We noted in Arthur:
 "Federal habeas corpus proceedings, similar to our Rule 32 proceedings, has a one-year specified time limitation period within which a state inmate may file for federal habeas corpus relief. See 28 U.S.C. § 2244(d)(1). However, the United States Court of Appeals for the Eleventh Circuit and other federal circuits have recognized that `"[section 2244] permits equitable tolling `when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)).' Wyzykowski v. Department of Corrections, 226 F.3d 1213, 1216 (11th Cir. 2000). This State has never, insofar as we can ascertain, recognized any exception to the filing deadline in Rule 32.2(c)."
820 So.2d at 889-90. (Emphasis added.)