MOORE, Chief Justice
(dissenting).
I respectfully dissent from this Court’s denial of Benjamin Howlet’s petition for a writ of certiorari. The circuit court summarily dismissed Howlet’s petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P. Howlet appealed, and the Court of Criminal Appeals affirmed the circuit court’s dismissal. See Howlet v. State (No. CR-14-0953, September 18, 2015), — So.3d-(Ala.Crim.App.2015) (table). This petition for certiorari review followed.
Howlet was convicted of two counts of capital murder. See §§ 13A-5-40(a)(17) and 13A-5-40(a)(18), Ala.Code 1975. Howlet and his attorney signed and filed a form waiving Howlet’s right to be present at arraignment. In the present case, the Court of Criminal Appeals in its unpublished memorandum cites Ex parte Howlet, 801 So.2d 30 (Ala.2000), which indicates that Howlet was convicted on April 22, 1998.
In Lancaster v. State, 638 So.2d 1375, 1376 (Ala.1994), this Court cited Rule 9.1, Ala. R.Crim. P., and concluded that in a capital-murder case, from arraignment to sentencing, a defendant cannot waive his or her right to be present. Effective December 1, 1997, Rule 9.1(b), Ala. R.Crim. P., was amended to allow a capital-murder defendant to waive’his or her right to be present at all proceedings except sentencing. ■ ! ■ ’ • ' • '
I am concerned that Howlet’s waiver of his right to be present at arraignmént may have occurred before the amendment of Rule 9.1 and that he was not afforded due process.' To assume otherwise without á factual determination is highly improper in a capital case. I would issue the writ to determine whether Howlet waived his right to be present at arraignment before or after Rule 9.1 was amended to allow for such a waiver.