This cause is before this court on the petition of Temporary Placement Services (TPS) for a writ of mandamus to review the denial of its motion to dismiss a workmen's compensation suit against it.
The employee filed suit in the Circuit Court of Colbert County, seeking workmen's compensation benefits. TPS, the employer, filed a motion to dismiss the suit on the ground that the suit had not been timely filed under Ala. Code (1975), § 25-5-80. The trial court denied the motion, and TPS now requests this court by way of mandamus to require the trial court to dismiss the suit.
A writ of mandamus is an extraordinary remedy which should be granted only *Page 276 
where there has been a clear showing that the trial court abused its discretion and exercised it arbitrarily or capriciously. Ex parte Rollins, 495 So.2d 636
(Ala. 1986); Ex parte Thompson, 474 So.2d 1091
(Ala. 1985); Ross v. Luton, 456 So.2d 249 (Ala. 1984).
After much consideration, this court is unable to conclusively determine that mandamus is the proper vehicle for obtaining review of the denial of TPS's motion to dismiss.
Our research has revealed no Alabama case in which mandamus was used to review the grant or denial of a motion to dismiss on grounds of the running of the statute of limitations, and, quite frankly, this court is reluctant to initiate such a review by mandamus. Put another way, from an institutional point of view, appeal would appear to be the more appropriate method of review.
For this court to issue the writ, there must be credible allegations which are ironclad in nature, showing that the trial judge is bound by law to do what the petitioner requests.Segars v. Segars, 333 So.2d 155 (Ala.Civ.App. 1976). Among other things, the petitioner must show a clear, legal right to the order sought, as well as a lack of another adequate remedy. Thompson, 474 So.2d 1091;Ross, 456 So.2d 249.
It does not appear to this court that TPS has shown a clear, legal right to the relief sought. TPS relies on the former one-year statute of limitations of Ala. Code (1975), §25-5-80. Effective February 1, 1985, § 25-5-80 was amended to extend the statute of limitations from one to two years. There is a serious question to this court whether the old one-year statute of limitations or the new two-year statute applies to the employee's suit. In particular, we note the fact that section 14 of Act 85-41, the act amending the statute of limitations, appears to have been inexplicably deleted from the statute as codified.
Mandamus is not a substitute for appeal. Ex parte NewcoManufacturing Co., 481 So.2d 867 (Ala. 1985);Ross, 456 So.2d 249. There is no question that, in this instance the denial of TPS's motion to dismiss may, if appropriate, be reviewed by this court on appeal.
The writ is denied.
WRIT DENIED.
BRADLEY, P.J., and INGRAM, J., concur.