This is a petition for a writ of mandamus directed to Judge Terry L. Butts of the Coffee County Circuit Court seeking, among other things, a transfer of this case from Coffee County to Barbour County. The writ is denied.
On review by mandamus, the Court must look only at those facts before the trial court. Ex parte Baker,459 So.2d 873 (Ala. 1984). Our review of the record *Page 955 
reveals that no admissible evidence was offered in the trial court to support the motion to transfer. A writ of mandamus is not granted unless there is a clear showing of error in the trial court to the injury of the petitioner. Ex parteSlade, 382 So.2d 1127 (Ala. 1980). The petitioner has not satisfied its burden of proof.
The petitioner also alleges that the action should be dismissed because it is barred by the doctrine of res judicata and by the statute of limitations. These issues are not properly raised by writ of mandamus, because, to be entitled to the writ, the petitioner must show, among other things, a lack of other adequate remedy. Ex parteThompson, 474 So.2d 1091 (Ala. 1985); Ross v.Luton, 456 So.2d 249 (Ala. 1984). The fact that a statute of limitations defense is applicable is not a proper basis for issuing a writ of mandamus, due to the availability of a remedy by appeal. See, e.g., Ex parte TemporaryPlacement Services, 508 So.2d 275 (Ala.Civ.App. 1987). The same holds true for the issue of res judicata. Therefore, the writ is denied.
WRIT DENIED.
MADDOX, JONES, BEATTY, ADAMS and STEAGALL, JJ., concur.
ALMON, J., not sitting.