INGRAM, Judge.
Elizabeth and Ronald Liedel are the mother and stepfather of Charles Sullivan, an eleven-year-old child who is the subject of a petition for declaration of dependency *625 filed by the Madison County Department of Human Resources (department). After a hearing on the petition, the trial judge issued an order which vested temporary legal custody of the child in the department, directed the family to obtain psychological counseling, and taxed certain costs against the stepfather. The case is before this court on a petition for writ of mandamus filed by the stepfather, who seeks to have those portions of the order which pertain to him set aside on the ground that he was never a party to the dependency proceedings.
The dispositive issue presented is whether the stepfather assumed the status of a party and can be bound by the judgment rendered by virtue of his appearance and participation in the proceedings.
The dependency petition was based on reports of physical and emotional abuse of the child by the stepfather. Service was perfected upon the mother. No summons or subpoena was ever issued for the stepfather, but he was ordered to submit to a psychological evaluation prior to the hearing, and he complied with that order. The stepfather appeared with the mother at the initial hearing; neither was represented by counsel. The trial judge explained to the mother that she had a right to be represented by an attorney, informed the stepfather that he had a right to be heard in the proceedings, even though he was not a party, and rescheduled the hearing.
When the mother and stepfather next appeared, they were still not represented by counsel. It is clear from the record that the decision not to retain an attorney was made by the stepfather. The trial judge allowed the stepfather to participate fully in the hearing. The mother and stepfather both testified, but the stepfather also cross-examined all of the department’s witnesses and presented witnesses on his own behalf. Although the judge gave the mother an opportunity to question each witness, she rarely did so.
The trial judge’s decision in this matter found, in pertinent part, as follows:
“It is the judgment of the court that Ronald Liedel, by his appearance in court and by his participation in these proceedings, has made himself a party to these proceedings. In fact, the court makes the observation that Ronald Liedel virtually assumed the role of legal counsel for his wife in this case and by his own actions assumed the role of a party. He is, therefore, bound by the terms of this order.”
We agree. The technical failure to join one as a party of record does not preclude his being bound by a judgment if he has a sufficient interest in and has participated in and controlled the litigation. Moody v. Moody, 339 So.2d 1030 (Ala.Civ.App.1976).
“[I]f a non-party who thus participates in litigation has an interest sufficiently close to the matter in litigation, and has adequate opportunity to litigate in support of or in defense against the cause of action on which the suit is based, the policies underlying the doctrine of judicial finality require that the participating non-party should be bound by the resulting judgment to the same extent as though he were a party to the action.”
IB Moore’s Federal Practice § 0.411[6], at 444 (2d ed. 1984).
We find that the stepfather’s personal interest and participation in the dependency proceedings were more than sufficient to justify his being bound by the judgment of the juvenile court.
The stepfather argues that a due process violation occurs when a nonparty is bound by an adverse judgment. We disagree. “The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Mathews v. Eldridge, 424 U.S. 319, 333 [96 S.Ct. 893, 902, 47 L.Ed.2d 18] (1976).” Humane Society of Marshall County v. Adams, 439 So.2d 150, 152 (Ala.1983). The stepfather’s virtual control of the case as it pertained to the mother and to him afforded him an opportunity to be heard that amply satisfied due process requirements.
We note that although mandamus would be the proper remedy to vacate an order that a trial court had no power to *626 enter, Great Atlantic and Pacific Tea Co. v. Sealy, 374 So.2d 877 (Ala.1979), mandamus is an extraordinary remedy which should be granted only if the trial court clearly abused its discretion in an arbitrary and capricious manner. Ex parte Temporary Placement Services, 508 So.2d 275 (Ala.Civ.App.1987). A writ of mandamus will not be issued unless the petitioner has a clear and indisputable right to a particular result. Ex parte Rudolph, 515 So.2d 704 (Ala.1987). The petitioner must demonstrate the following:
“(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.”
Ex parte Adams, 514 So.2d 845, 850 (Ala.1987).
The stepfather cannot meet his burden in the instant case. The trial judge had the lawful authority to render the judgment which bound the stepfather as well as the mother and child, and the writ must, therefore, be denied.
WRIT DENIED.
BRADLEY, P.J., and HOLMES, J„ concur.