Larry Eugene Hutcherson petitioned this Court, for a writ of certiorari to the Court of *Page 862 
Criminal Appeals, for review of that court's judgment affirming his capital murder conviction and his death sentence. We granted the petition, pursuant to Rule 39(c), Ala. R.App. P., and now affirm.
Hutcherson's case has been before this Court on an earlier petition. See Ex parte Hutcherson, 677 So.2d 1205 (Ala. 1996). In that proceeding, this Court reversed the judgment of the Court of Criminal Appeals, holding that the improper admission of deoxyribose nucleic acid evidence was not harmless error.
On remand, Hutcherson withdrew his plea of not guilty and pleaded guilty to capital murder.[1] Section 13A-5-42, Ala. Code 1975, provides:
 "A defendant who is indicted for a capital offense may plead guilty to it, but the state must in any event prove the defendant's guilt of the capital offense beyond a reasonable doubt to jury. The guilty plea may be considered in determining whether the state has met that burden of proof. The guilty plea shall have the effect of waiving all non-jurisdictional defects in the proceeding, resulting in the conviction except the sufficiency of the evidence. A defendant convicted of a capital offense after pleading guilty will be sentenced according to the provisions of Section 13A-5-43(d)."
The State presented its case to the jury. The jury convicted Hutcherson of capital murder and recommended by a vote of 11 to 1 that Hutcherson be sentenced to death. The trial court then proceeded to determine the sentence, considering the jury's advisory verdict, the presentence investigation report, and other relevent evidence that was presented.
The trial court found two aggravating factors: (1) that the murderer was committed while Hutcherson was engaged in a burglary; and (2) that the offense was especially heinous, atrocious, or cruel. Hutcherson broke into the home of 89-year-old Irma Gray. He mercilessly beat Irma, smashing her nose and breaking her ribs. Hutcherson then raised his knife and, despite Irma's desperate plea for mercy, slashed deep into her throat time and time again. He discarded Irma's almost decapitated corpse as her blood seeped onto the floor of her home. Hutcherson then stole Irma's microwave oven, television, and radio.
The trial court found the following nonstatutory mitigating circumstances: (1) that Hutcherson's mother had not provided a nurturing, caring environment, and (2) that Hutcherson suffered periods of depression caused by the death of his adoptive father. The trial court also found the following statutory mitigating circumstances: (1) that Hutcherson had had no significant history of prior criminal activity, and (2) Hutcherson's age at the time of the crime. After weighing these circumstances, the trial court sentenced Hutcherson to death by electrocution. The Court of Criminal Appeals affirmed the conviction and the sentence.Hutcherson v. State, 727 So.2d 846 (Ala.Crim.App. 1997).
We have carefully reviewed all of the issues presented in the petition, the briefs, and the oral argument. All of the issues Hutcherson raises have been fully addressed by the Court of Criminal Appeals. We have studied the opinion of the Court of Criminal Appeals and have examined the record for plain error. We find no error, plain or otherwise, in either the guilt phase or the sentencing phase of Hutcherson's trial that would warrant a reversal of his convition or his sentence. We therefore affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, COOK, and LYONS, JJ., concur.
[1] Hutcherson had been indicated on two counts of capital murder: (1) intentional murder during a burglary, in violation of Ala. Code 1975, § 13A-5-40 (a)(4); and (2) intentional murder during the commission of sodomy, in violation of §13A-5-40(a)(3). When Hutcherson pleaded guilty, the State elected to proceed before the jury on only the count alleging intentional murder during a burglary. *Page 863