847 So.2d 386 (2002)
Ex parte Larry Eugene HUTCHERSON.
(In re Ex parte State of Alabama (In re State of Alabama v. Larry Eugene Hutcherson)).
1010421.
Supreme Court of Alabama.
May 10, 2002.
Rehearing Denied August 23, 2002.
*387 Glenn L. Davidson of Collins, Davidson, L.L.C., Mobile, for petitioner.
William H. Pryor, Jr., atty. gen., and George A. Martin, Jr., asst. atty. gen., for respondent.
PER CURIAM.
Larry Eugene Hutcherson pleaded guilty to capital murder and was sentenced to death in 1996. Hutcherson's conviction and sentence were affirmed on direct appeal. Hutcherson v. State, 727 So.2d 846 (Ala.Crim.App.1997), aff'd, 727 So.2d 861 (Ala.1998). The Court of Criminal Appeals issued a certificate of judgment on January 5, 1999.
On May 4, 2001, Hutcherson filed a petition for postconviction relief pursuant to Rule 32, Ala. R.Crim. P., challenging the validity of his conviction and sentence. When the Rule 32 petition was filed, Hutcherson's counsel admitted that it was filed outside the two-year limitations period of Rule 32.2(c), Ala. R.Crim. P., because he misunderstood the rule. To invoke the circuit court's jurisdiction to consider the petition, Hutcherson filed a motion for an enlargement of time pursuant to Rule 1.3(b), Ala. R.Crim. P. The State filed a motion to dismiss the petition on the ground that the petition was barred by Rule 32.2(c), Ala. R.Crim. P. The circuit court heard oral argument on the State's motion; it then entered an order stating that it would consider the limitations-period argument at the hearing on the merits of Hutcherson's petition.
The State filed a petition for a writ of mandamus with the Court of Criminal Appeals, requesting that court to order the circuit court to dismiss Hutcherson's Rule 32 petition. The Court of Criminal Appeals granted the petition and issued the writ. State v. Hutcherson, 847 So.2d 378 (Ala.Crim.App.2001). The Court of Criminal Appeals held that the issuance of a writ of mandamus was appropriate because the State had no "adequate remedy" to prevent "undue injury." 847 So.2d at 381. Hutcherson petitions this Court for a writ of mandamus ordering the Court of Criminal Appeals to vacate its order directing the circuit court to dismiss his petition.
Hutcherson's petition is before this Court pursuant to Rule 21(e), Ala. R.App. P., which provides that a decision by a court of appeals on an original petition for a writ of mandamus may be reviewed de novo by this Court. See Ex parte Land, 775 So.2d 847 (Ala.2000).
"[M]andamus is a drastic and extraordinary writ that will be issued only when there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate *388 remedy; and (4) properly invoked jurisdiction of the court."
Ex parte Horton, 711 So.2d 979 (Ala.1998); Ex parte Land, supra. "A writ of mandamus is not granted unless there is a clear showing of error in the trial court to the injury of the petitioner. Ex parte Slade, 382 So.2d 1127 (Ala.1980)." Ex parte Southland Bank, 514 So.2d 954, 955 (Ala. 1987).
Hutcherson contends that the State's right, pursuant to Rule 32.10, Ala. R.Crim. P., to appeal the final judgment of the circuit court in a Rule 32 proceeding provides the State with an adequate remedy at law by which to challenge the circuit court's denial of the State's motion to dismiss Hutcherson's petition. Therefore, he maintains, the issuance of the writ of mandamus by the Court of Criminal Appeals was improper. We agree. "The fact that a statute of limitations defense is applicable is not a proper basis for issuing a writ of mandamus, due to the availability of a remedy by appeal. See, e.g., Ex parte Temporary Placement Services, 508 So.2d 275 (Ala.Civ.App.1987)." Ex parte Southland Bank, 514 So.2d at 955. See also State v. Zimlich, 796 So.2d 399, 403 (Ala. 2000); and Ex parte Jackson, 780 So.2d 681 (Ala.2000). The State has failed to show that it had a clear legal right to the order.
Accordingly, we grant Hutcherson's petition and issue the writ. The Court of Criminal Appeals is directed to vacate its order directing the circuit court to dismiss Hutcherson's petition.
PETITION GRANTED; WRIT ISSUED.
MOORE, C.J., and HOUSTON, SEE, LYONS, HARWOOD, and WOODALL, JJ., concur.
JOHNSTONE, J., concurs specially.
BROWN and STUART, JJ., dissent.
JOHNSTONE, Justice (concurring specially).
I concur. I add some observations of my own.
Hutcherson has moved the trial court for a Rule 1.3(b), Ala. R.Crim. P., extension to accommodate the filing of the Rule 32 petition after the expiration of the two years prescribed by Rule 32.2(c). This issue is still pending before the trial court. The Alabama Supreme Court has never held that such an extension cannot be granted. Likewise, the Alabama Supreme Court has never held that the Rule 32.2(c) two-year deadline is jurisdictional.
The Court of Criminal Appeals specifically holds, in Siebert v. State, 778 So.2d 842, 849 (Ala.Crim.App.1999), that "[t]he application of Rule 1.3(b) [for an extension of the Rule 32.2(c) two-year deadline] is discretionary with the circuit court." While the Court of Criminal Appeals holds in Williams v. State, 783 So.2d 135, 137 (Ala.Crim.App.2000), that "the failure to file a Rule 32 petition within the two-year limitations period is a jurisdictional defect," this holding is not supported by any such holding of the Alabama Supreme Court[1] but is, oddly, based largely on Siebert, supra, which holds the extension of the two-year limitations period to be discretionary.
Hutcherson has clearly articulated his claim of "excusable neglect" to warrant a Rule 1.3(b), Ala. R.Crim. P., extension of the two-year deadline for filing his Rule 32 petition, and he has offered proof for consideration by the trial court. Hutcherson's Rule 32 counsel has candidly admitted his own mistake of law in interpreting Rule *389 32.2(c), Ala. R.Crim. P., and Rule 41(b), Ala. R.App. P., for the deadline. Hutcherson himself is not learned in the law. He may not be bound by the errors of his counsel. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and Robinson v. Murphy, 69 Ala. 543, 547 (1881) ("The power of an attorney is not co-equal, co-extensive, or the equivalent of that of the client."). Whether Hutcherson is due an extension is a question of fact and lawthe complex law of Strickland and Robinson and the unsettled law of Rule 1.3(b), Ala. R.Crim. P. The initial decision on this issue is the prerogative and the duty of the trial court, where the issue is presently pending.
STUART, Justice (dissenting).
Because I believe the Court of Criminal Appeals was correct, in part, in issuing the writ of mandamus, I dissent.
The Court of Criminal Appeals held that a writ of mandamus provided an appropriate vehicle for relief because, it reasoned, the State had a clear legal right to the writ and the State's right to appeal was not an adequate remedy to prevent undue injury. To support its conclusion, the Court of Criminal Appeals noted:
1. A hearing on the merits of Hutcherson's Rule 32 petition at the circuit court level, when the circuit court did not have jurisdiction to entertain the petition because of the mandatory two-year limitations period, would cost the state "great time, resources, money, and inconvenience" 847 So.2d at 381; and
2. A determination on the merits of the petition might provide Hutcherson with the opportunity to pursue the merits of subsequent federal challenges to his conviction and sentence unless "`"the last state court rendering a judgment in the case `"clearly and expressly"' states that its judgment rests on a procedural bar."'" 847 So.2d at 381, quoting Mullins v. State, 555 So.2d 1156, 1158 (Ala.Crim.App.1989), quoting other cases.
The Court of Criminal Appeals determined that a petition for a writ of mandamus was the appropriate vehicle by which the State could seek relief from the circuit court's refusal to rule on its motion to dismiss Hutcherson's petition. The State alleged that the circuit court lacked subject-matter jurisdiction to hear the petition because it was untimely filed. Relying on our holdings in Ex parte Spears, 621 So.2d 1255 (Ala.1993)(the test to determine whether a writ of mandamus will issue is whether the remedy by appeal is adequate to prevent undue injury); Ex parte Snow, 764 So.2d 531 (Ala.1999)(issuing a writ of mandamus when a trial court failed to enter a summary judgment in an action filed after the statute of limitations had expired); and Ex parte Flint Construction Co., 775 So.2d 805 (Ala.2000)(holding that the question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus), the Court of Criminal Appeals concluded that "this case present[ed] a classic example of the type of interlocutory ruling that [the] Supreme Court has held to be reviewable by mandamus petition." 847 So.2d at 381. I agree. See also Ex parte Punturo, [Ms. 1000115, Feb. 8, 2002] ___ So.2d ___, ___ (Ala.2002)("`[T]he question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus.' " (Quoting Ex parte Flint Constr. Co., 775 So.2d at 808.)).
Initially, I note that while a Rule 32 proceeding for postconviction relief is considered to be civil in nature, see Mayes v. State, 563 So.2d 38 (Ala.Crim.App.1990), such a proceeding is distinct from a typical civil case. Rule 32, Ala. R.Crim. P., provides a defendant a method by which to seek postconviction relief; therefore, the *390 rights to be accorded a defendant during a Rule 32 proceeding and the procedures pursuant to which such a proceeding is conducted are based upon the rule and caselaw. Consequently, the facts, circumstances, and procedures involved in a Rule 32 proceeding are clearly distinguishable from those in a civil case that relies on the proposition that where a statute-of-limitations defense is applicable, the availability of a remedy by appeal prevents the issuance of a writ of mandamus. See, e.g., Ex parte Southland Bank, 514 So.2d 954, 955 (Ala.1987).
Ex parte Southland Bank and the other cases relying on the availability of an appeal as an adequate remedy cite Ex parte Temporary Placement Services, 508 So.2d 275 (Ala.Civ.App.1987). In Ex parte Temporary Placement Services, the Court of Civil Appeals denied the petition for a writ of mandamus filed by Temporary Placement Services ("TPS") because TPS had not shown a clear legal right to the relief sought. TPS argued that its statute-of-limitations defense mandated that the writ issue. The court, however, concluded that because the statute had been amended to extend the limitations period from one year to two years and because "there was a serious question ... whether the old one-year statute of limitations or the new two-year statute" applied to that action, TPS had not shown a clear legal right to the relief sought. 508 So.2d at 276. It is important to note that the subsequent caselaw that relies on this holding implies that a statute-of-limitations defense never provides a proper basis for issuing a writ of mandamus. See, e.g., Ex parte Jackson, 780 So.2d 681 (Ala.2000); and Ex parte Southland Bank, 514 So.2d 954. A close review of the holding in Ex parte Temporary Placement Services, however, indicates that the holding in that case rests upon the finding that there was disputable evidence concerning the applicability of the statute-of-limitations defense. In such a case, the party does not establish a clear legal right to the writ; consequently, the decision is properly deferred for later appellate review. Indeed, in civil proceedings, the defense of the statute of limitations is generally subject to waiver, and it does not necessarily implicate the court's subject-matter jurisdiction. Therefore, generally, in a civil case a question concerning the applicability of a statute-of-limitations defense does not establish a clear right to the relief sought, and I agree with the majority that in such circumstances a writ should not issue.
The caselaw applicable to Rule 32 petitions and proceedings, however, permit a determination by the circuit court on whether a clear legal right to a dismissal is established based on the mandatory application of the two-year limitations period provided in Rule 32.2(c), Ala. R.Crim. P., and the impact of a filing beyond the two-year limitations period on the circuit court's jurisdiction. Consequently, review by mandamus of such an issue in a Rule 32 proceeding is appropriate. Recognizing the holdings in Williams v. State, 783 So.2d 135 (Ala.Crim.App.2000), and Arthur v. State, 820 So.2d 886 (Ala.Crim.App. 2001), cert. denied, 820 So.2d 886 (Ala. 2001), that the two-year limitations period of Rule 32.2(c) is mandatory and jurisdictional, the Court of Criminal Appeals held that the State had a clear legal right to the relief and it issued the writ.
In Williams v. State, 783 So.2d 135 (Ala. Crim.App.2000), the Court of Criminal Appeals stated:
"Rule 32.2(c), Ala. R.Crim. P., provides, in pertinent part:
"`[T]he court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in *391 Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, [Ala.] R.App. P....'
"(Emphasis added.) The State did not file a motion to dismiss asserting that the limitations period applied. However, in Siebert v. State, 778 So.2d 842, 847 (Ala.Crim.App.1999), cert. denied, 778 So.2d 857 (Ala.2000), we stated:
"`Siebert argues on appeal that his petition should not be barred by the two-year limitations period in Rule 32.2(c) for the following reasons:
"`. . . .
"`2. The State waived this affirmative defense by failing to raise it in its first responsive pleading.
"`. . . .
"`Claim 2, asserting that Rule 32.2(c) must be raised as an affirmative defense in the first responsive pleading or it is waived, is without merit....
"`. . . .
"`... [N]otwithstanding the requirement of Rule 32.3 that the State "shall have the burden of pleading any ground of preclusion," this court has repeatedly stated that "[w]here a simple reading of a petition for post-conviction relief shows that, assuming the allegations of the petition to be true, it is obviously without merit or is precluded, the trial court may summarily dismiss the petition without requiring any response from the state." Burton v. State, 728 So.2d 1142, 1148 (Ala.Cr. App.1998) (citing Bishop v. State, 608 So.2d 345 (Ala.1992), and Patty v. State, 652 So.2d 337 (Ala.Cr.App. 1994)) (emphasis added). Thus, the trial court could have dismissed the petition on procedural grounds even without any response from the State.'
"Rule 32.2(c), Ala. R.Crim. P., establishes a limitations period for filing a petition for post-conviction relief on the grounds specified in Rule 32.1(a) and (f), Ala. R.Crim. P., and its language is mandatory. See Hugh Maddox, Alabama Rules of Criminal Procedure § 32.2 (3d ed.1999). `The statute of limitations is a jurisdictional matter.' Hines v. State, 516 So.2d 937, 938 (Ala.Crim. App.1987). See also Ex parte Campbell, 784 So.2d 323 (Ala.2000); Hunt v. State, 642 So.2d 999 (Ala.Crim.App.1993), aff'd, 642 So.2d 1060 (Ala.1994). Therefore, the failure to file a Rule 32 petition within the two-year limitations period is a jurisdictional defect that can be noticed at any time and is not waived by the failure of the State to assert it. Any previous holdings to the contrary are hereby expressly overruled. See, e.g., Howard v. State, 616 So.2d 398 (Ala.Crim.App.1993)."
783 So.2d at 136-37. (Final emphasis added.) In light of the holding in Williams, the application of Rule 32.2(c) is mandatory, the matter is jurisdictional, and the State has a clear legal right to a ruling.
Additionally, I note that there is no ambiguity with regard to the application of Rule 1.3(b), Ala. R.Crim. P., in this case. Here, the circuit court cannot, pursuant to Rule 1.3(b),[2] grant Hutcherson's request *392 for an enlargement of time. Without determining whether Rule 1.3(b) is applicable to petitions for postconviction relief, Hutcherson, assuming arguendo that Rule 1.3(b) is applicable, cannot establish excusable neglect. Hutcherson's counsel stated that he missed the filing date because he believed the time ran from the issuance of the certificate of judgment as a result of the United States Supreme Court's ruling. The rules, however, specifically provide that the time runs from the issuance of a certificate of judgment by the Court of Criminal Appeals. See Rule 32.2(c), Ala. R.Crim. P., and Rule 41, Ala. R.App. P.
In Siebert v. State, 778 So.2d 842, 849 (Ala.Crim.App.1999), the petitioner moved for an extension of time pursuant to Rule 1.3(b), Ala. R.Crim. P., claiming "excusable neglect because, he [said], he did not receive a copy of the certificates of judgment and because there is some ambiguity concerning the starting date for the running of the limitations period of Rule 32." The Court of Criminal Appeals reviewed "[t]he plain language of the Rules [32.2(c), Ala. R.Crim. P., and 41, Ala. R.App. P.,] and the applicable caselaw" and held "that a Rule 32 petition must be filed within two years from the date the Court of Criminal Appeals issues the certificate of final judgment." When this Court denied certiorari review in Siebert, Justice Johnstone, in a special concurrence, stated:
"[T]he result reached by the Court of Criminal Appeals in this case is entirely justifiable on the ground that the defendant's Rule 32, Ala. R.Crim. P., petition was filed after the two-year deadline without any proof of an excuse that might warrant an extension of the deadline pursuant to Rule 1.3(b), Ala. R.Crim. P....
"... [T]he Rule 32 petition does not establish any excusable neglect ...."
Ex parte Siebert, 778 So.2d 857, 857 (Ala.2000)(Johnstone, J., concurring specially).
Likewise, in the case before us today, Hutcherson has not provided any proof of an excuse that would warrant an extension pursuant to Rule 1.3(b), Ala. R.Crim. P. While Justice Johnstone's special writing in Ex parte Siebert is not a holding of the Alabama Supreme Court, it does draw into question the viability of any contention that proof of a mere misunderstanding of the rule, especially after the holding by the Court of Criminal Appeals in Siebert, could establish excusable neglect with regard to Hutcherson's present petition. Hutcherson did not establish excusable neglect so as to warrant an extension. Therefore, the State has a clear legal right to a ruling in this case, regardless of the applicability of Rule 1.3(b), Ala. R.Crim. P.
I reject the contention that because this Court has not specifically held that the failure to file a petition within the two-year limitations period is jurisdictional or that Rule 1.3(b) is not applicable to petitions for postconviction relief, the law is unsettled. In accordance with the doctrine of stare decisis, the State, in filing its petition for a writ of mandamus, and the Court of Criminal Appeals, in granting that petition, relied upon the law as it exists today.
I note that the Court of Criminal Appeals' issuance of the writ is not inconsistent with this Court's holding in State v. *393 Zimlich, 796 So.2d 399 (Ala.2000). In Zimlich, this Court, at the request of the State, directed the Court of Criminal Appeals to set aside its order granting a defendant's petition for a writ of mandamus. This Court stated:
"`It is well established in Alabama that a writ of mandamus, which is a drastic and extraordinary remedy, will not issue when there is an adequate remedy by appeal, and that the writ cannot be used as a substitute for appellate review. The reason for this rule was succinctly stated by then Justice Livingston in Koonce v. Arnold, 244 Ala. 513, 514, 14 So.2d 512, [512] (1943):
"`"If the matters complained of can be ultimately presented to the appellate court through the medium of an appeal from the final decree, mandamus will not ordinarily be granted. This for the reason, that appellate courts will not hear causes in piecemeal."'
"Ex parte Fowler, 574 So.2d 745, 747 (Ala.1990). We conclude that on his petition to the Court of Criminal Appeals Zimlich failed to establish that Judge Kendall had a duty to dismiss his indictment as barred by the statute of limitations and improperly refused to do so. `The fact that a statute of limitations defense is applicable is not a proper basis for issuing a writ of mandamus, due to the availability of a remedy by appeal.' Ex parte Southland Bank, 514 So.2d 954, 955 (Ala.1987). Zimlich did not show that he had a clear legal right to the order he sought.
"... Zimlich asserted that the Court of Criminal Appeals needed to decide whether Rule 15.5(c), Ala. R.Crim. P., applied; whether the tolling statute, § 15-3-6, Ala.Code 1975, applied and was superior to Rule 15.5(c); and whether the tolling statute permitted a subsequent indictment to increase the nature of the alleged offense from a misdemeanor to a felony. The uncertainty about the applicability of Rule 15.5(c) and § 15-3-6 and the question whether the State's error in regard to the first indictment was the kind of `inadvertent technical error' contemplated by Rule 15.5(c) (see Committee Comments to that rule) lead us to conclude that Zimlich had no clear legal right to an order by Judge Kendall dismissing the second indictment as barred by the statute of limitations, given that Zimlich, if improperly convicted, would have had a remedy by appeal."
796 So.2d at 403 (emphasis added). Our holding in Zimlich relied on the holding in Ex parte Southland Bank and is consistent with well-established law that when the defendant cannot show a clear legal right to the application of the statute-of-limitations defense, then the writ should not issue.
For the writ to issue, it is incumbent that the State not only have a clear legal right to the relief sought but also that an appeal will not provide an adequate remedy. The Court of Criminal Appeals held that to require the expense and inconvenience of a hearing in a case where the evidence on the circuit court's jurisdiction was uncontroverted would create undue injury. Additionally, the court held that clear, consistent application of procedural bars to claims in light of future federal review of the case was necessary to prevent the State from suffering undue prejudice and injury.
While the expense and inconvenience of a hearing typically do not justify the issuance of a writ of mandamus, in Rule 32 proceedings, where a party shows a clear legal right to a ruling based upon lack of subject-matter jurisdiction of the circuit court, and the party may suffer subsequent *394 prejudice, I believe undue injury occurs and an appeal does not provide adequate relief.
Hutcherson argues that expense is not an appropriate ground for concluding that the State will suffer undue injury. Hutcherson is correct that matters of expense and inconvenience alone do not justify mandamus relief as to an issue that could be reviewed on appeal. Ex parte Spears, supra, and cases cited therein. These cases, however, do not involve the mandatory application of the limitations period that directly impacts the jurisdiction of the circuit court. In a postconviction proceeding where the application of the limitations period is mandatory, requiring the people of the State of Alabama to pay for an evidentiary hearing on the merits of the petition before the circuit court determines whether it has jurisdiction to hear the matter is a waste of judicial time and the people's money.
Additionally, I agree with the Court of Criminal Appeals that the circuit court needs to apply the procedural bars consistently, not only to facilitate State appellate review of these proceedings, but also to prevent the State from being unduly prejudiced during federal review.[3] Defendants have been provided a vehicle for postconviction review; the State, while it does not have the right to deprive a defendant of a federal remedy, has a legitimate interest in seeing that the defendant does not abuse or exploit this opportunity for postconviction review.
As the Court of Criminal Appeals determined, in this case the State has a clear legal right to a ruling on its motion to dismiss; subsequent appellate review after a hearing on the merits of the petition will not provide an adequate remedy. However, I believe the Court of Criminal Appeals exceeded the scope of mandamus relief by reviewing the merits of Hutcherson's Rule 32 petition, concluding that no jurisdictional matters were presented, and directing the circuit court to dismiss the petition. The circuit court, not an appellate court, is responsible for determining initially whether a petition contains jurisdictional claims. The State is entitled to a ruling on its motion to dismiss the petition, but the circuit court must make that ruling.
A petition for the writ of mandamus allows "emergency and immediate appellate review of an order that is otherwise interlocutory and not appealable." Rule 21(e)(4), Ala. R.App. P. In this case the circuit court issued an interlocutory order deferring its ruling on the State's motion to dismiss until after a hearing on the merits of the Rule 32 petition. The State has a clear legal right to a ruling on its motion to dismiss and will suffer undue injury that an appeal will not remedy if the ruling is not issued before a hearing on the merits. The State, however, has not established a right for the appellate court to enter a ruling on the merits of the motion. Therefore, I believe this Court should grant Hutcherson's petition in part and issue a writ directing the Court of Criminal Appeals to vacate its order directing the circuit court to dismiss the petition and to order the circuit court to timely rule on the State's motion to dismiss before it conducts a hearing on the merits of the petition.
NOTES
[1] Ex parte Campbell, 784 So.2d 323 (Ala. 2000), is distinguishable.
[2] Rule 1.3(b), Ala. R.Crim. P., states:

"(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for good cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect, but it may not, except as provided elsewhere in these rules, extend the time for making a motion for new trial, for taking an appeal, or for making a judgment of acquittal pursuant to Rule 20."
[3] See Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).