My special writing in Ex parte Hutcherson, 847 So.2d 386,388-89 (Ala. 2002), says, in pertinent part:
 "Hutcherson has clearly articulated his claim of `excusable neglect' to warrant a Rule 1.3(b), Ala. R.Crim. P., extension of the two-year deadline for filing his Rule 32 petition, and he has offered proof for consideration by the trial court. Hutcherson's Rule 32 counsel has candidly admitted his own mistake of law in interpreting Rule 32.2(c), Ala. R.Crim. P., and Rule 41(b), Ala. R.App. P., for the deadline. Hutcherson himself is not learned in the law. He may not be bound by the errors of his counsel. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and Robinson v. Murphy, 69 Ala. 543, 547 (1881) (`The power of an attorney is not co-equal, co-extensive, or the equivalent of that of the client.')."
Whether Rule 1.3(b), Ala. R.Crim. P., can authorize an extension of the Rule 32.2(c), Ala. R.Crim. P., deadline for filing a Rule 32, Ala. R.Crim. P., petition for post-conviction relief would be a question of first impression for this Court, reviewable pursuant to Rule 39(a)(1)(C), Ala. R.App. P. Ex parte Siebert,778 So.2d 857, 858 (Ala. 2000) (Johnstone, J., concurring specially).
In the petition for writ of certiorari now before us, however, Hutcherson does not ask us to decide this particular question of first impression. As his petition does not present any other issue with a probability of merit, I concur in denying certiorari review.