PARKER, Justice.
 

 Brian Nelson Excavating, LLC (“Nelson”), filed this petition for a writ of mandamus asking this Court to direct the Montgomery Circuit Court to vacate its order denying Nelson’s motion for a summary judgment. Nelson’s petition for the writ of mandamus presents two questions for consideration by this Court: (1) Is a claim for damages to a residence caused by vibrations or concussion transferred through the ground a trespass claim or a nuisance claim so as to invoke either a six-year statute of limitations or a two-year statute of limitations, respectively; and (2) what constitutes knowledge or constructive knowledge of the identity of a party, so that substitution of that party for a fictitiously named defendant after the expiration of the limitations period does not relate back to the filing of the original complaint? Our denial of this petition on a peripheral issue, however, pretermits
 
 *1145
 
 any discussion of the questions presented by Nelson.
 

 Background and Procedural Posture
 

 Nelson is the defendant in an action filed by Alvin Prater, Robert Hall, and Jessie Hall. Nelson was added as a defendant on December 6, 2006, when it was substituted for a fictitiously described defendant pursuant to Rule 9(h), Ala. R. Civ. P. With the exception of the general contractor, Russell Construction Company of Alabama, Inc., which subcontracted work to Nelson, the original named defendants are no longer parties to the action.
 
 [1]
 

 On January 27, 2003, Robert Hall and Alvin Prater, who were neighbors, felt vibrations in the ground that shook their houses. Upon investigating, they determined that the source of the vibrations was a vibratory compactor being used in the construction of a parking lot on church property that adjoined the rear of their properties. Robert Hall immediately spoke with the person operating the compactor, and shortly thereafter he spoke with that person’s supervisor. The supervisor gave Robert Hall a business card that identified Nelson as the employer of the person operating the compactor. A few days later, Robert Hall communicated this information to Prater, who wrote down the name “Brian Nelson” and a telephone number from the business card. Robert Hall gave the business card to his wife, Jessie Hall. The Halls and Prater allege that soon after they experienced the vibrations in their houses, they noticed exterior and interior damage to the walls of their houses and to the ceilings, flooring, brick work, planters, patios, and fences of their houses.
 

 The Halls apparently had filed an insurance claim with Nelson’s liability carrier for damage to their house because a June 18, 2003, letter from State Auto Insurance Companies, Nelson’s insurer, advised Robert Hall that State Auto’s “investigation indicates that our insured was not at fault in this case.” The letter lists the insured as “Brian Nelson Excavating Company LC.” Jessie Hall acknowledged that Robert Hall received this letter.
 

 The Halls and Prater filed the underlying action on November 12, 2004, against State Farm Fire and Casualty Company, Safeco Insurance Company of America, Russell Construction of Alabama, Inc., Jade Engineering and Inspection, Inc., and several fictitiously named defendants, seeking compensation for the damage to their houses allegedly caused by the vibrations from the compactor used on the adjoining church property. They also sought damages, including punitive damages, from the insurance companies for, among other things, fraud, bad faith, and breach of contract.
 

 Prater and the Halls amended their complaint on December 6, 2006, almost four years after the events underlying their claims, to substitute Nelson for one of the fictitiously described defendants. In response, Nelson pleaded the bar of the two-year statute of limitations applicable to a nuisance claim, and on May 1, 2008, Nelson filed a motion for a summary judgment, arguing that, because the undisputed evidence established that Prater and the Halls had no claim based on trespass, the two-year statute of limitations in § 6-2-38, Ala.Code 1975, for nuisance claims barred their claims against Nelson. Nelson further asserted that Prater and the Halls had improperly attempted to use
 
 *1146
 
 Alabama’s fictitious-party practice to circumvent the bar of the two-year statute of limitations applicable to a nuisance claim. Nelson argued that because both Prater and the Halls knew that Nelson was the entity that employed the person who operated the compactor, the fictitious-party-practice rule, Rule 9(h), Ala. R. Civ. P., was not available to them.
 

 Prater and the Halls responded, arguing that their claim against Nelson was based on trespass and that the statute of limitations for trespass, pursuant to § 6-2-34(2), Ala.Code 1975, is six years. As for the substitution of Nelson for a fictitiously named defendant, they argued:
 

 “Although [Prater and the Halls] may have been aware that [Nelson] performed work at the construction cite [sic], [Prater and the Halls] believed [it] to be merely a supervising employee of Russell Construction. [Prater and the Halls] were unaware that [Nelson] was a liable party until after receiving Russell Construction’s Motion for Summary Judgment. Shortly thereafter, the second amended complaint was filed.”
 

 The trial court denied Nelson’s motion for a summary judgment on June 18, 2008, and issued the following order:
 

 “The above-styled matter comes before the court on Defendant’s, Brian Nelson Excavating, LLC, motion for summary judgment. A hearing was held on June 5, 2008, at which representation for both parties was present. In order for a party to prevail on motion for summary judgment, the moving party must demonstrate ‘that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.’ [Ala. R. Civ. P.,] Rule 56(c)(3) (2007).
 

 “[Nelson] contends that the claims brought are similar to those for damage[ ] caused by concussion or vibrations from blasting on adjacent property, and should fall under a two-year statute of limitations and thus, should be barred under the Alabama Code 1975, § 6-2-38. [Prater and the Halls] claim their action should be treated as a trespass, which carries a 6 year statute of limitations pursuant to § 6-2-34(2) of the Alabama Code 1975.
 

 “Trespass and private nuisance are separate fields of tort liability relating to actionable interference with the possession of land, the difference between the two being the extent to which Defendant’s actions impede Plaintiffs exclusive possessory interest. There remains a question as to whether [Nelson’s] actions constituted nuisance or trespass; therefore, [Nelson’s] motion for summary judgment is due to be and is hereby denied.
 

 “Done this the 18 June 2008.”
 

 Nelson then filed this petition for a writ of mandamus asking this Court to direct the trial court to vacate its order denying its summary-judgment motion and to enter a summary judgment in Nelson’s favor on the basis that the claim against it does not relate back to the filing of the original complaint and is thus barred by the two-year statute of limitations.
 

 Standard of Review
 

 A writ of mandamus is an extraordinary remedy available only when there is: “(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.”
 
 Ex parte BOC Group, Inc.,
 
 823 So.2d 1270, 1272 (Ala.2001) (citing
 
 Ex parte Inverness Constr. Co.,
 
 775 So.2d 153, 156 (Ala.2000)).
 

 
 *1147
 
 Generally, “ ‘a writ of mandamus will not issue to review the merits of an order denying a motion for a summary judgment.’ ”
 
 Ex parte Empire Fire & Marine Ins. Co.,
 
 720 So.2d 893, 894 (Ala.1998)(quoting
 
 Central Bank of the South,
 
 675 So.2d 403, 406 (Ala.1996)). However, a petition for a writ of mandamus is the proper vehicle by which to seek review of a denial of a motion for summary judgment filed by a party originally listed as a fictitiously named defendant when the “undisputed evidence shows that the plaintiff failed to act with due diligence in identifying the fictitiously named defendant as the party the plaintiff intended to sue.”
 
 Ex parte Snow,
 
 764 So.2d 531, 537 (Ala.1999).
 

 Analysis
 

 The use of fictitious-party pleadings is authorized by Rule 9(h), Ala. R. Civ. P.:
 

 “(h) Fictitious Parties. When a party is ignorant of the name of an opposing party and so alleges in the party’s pleading, the opposing party may be designated by any name, and when that party’s true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.”
 

 Rule 15(c), Ala. R. Civ. P., provides for the relation back of an amended pleading to the date of the original pleading:
 

 “(e) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
 

 “(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
 

 “(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, except as may be otherwise provided in Rule 13(c) for counterclaims maturing or acquired after pleading, or
 

 “(3) the amendment, other than one naming a party under the party’s true name after having been initially sued under a fictitious name, changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the applicable period of limitations or one hundred twenty (120) days of the commencement of the action, whichever comes later, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party, or
 

 “(4) relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h).”
 

 The applicability of the principle of relation back to the substitution of a named party for a fictitiously named party in this case is dependent upon which limitations period applies. If the six-year statute of limitations applies, no relation-back issue is presented. Here, the trial court did not reach the question of which statute of limitations governs. “There remains a question as to whether [Nelson’s] actions constituted nuisance or trespass; therefore, [Nelson’s] motion for summary judgment is due to be and is hereby denied.” Because the six-year statute of limitations would render the relation-back issue irrelevant, to determine whether there was a need to reach the fictitious-party/relation-back issue this Court would first have to determine the statute-of-limitations question that was not addressed by the trial court. This the Court will not do. Cer
 
 *1148
 
 tain issues are not “properly raised by writ of mandamus, because ... the petitioner must show ... a lack of other adequate remedy. The fact that a statute of limitations defense is applicable is not a proper basis for issuing a writ of mandamus, due to the availability of a remedy by appeal.”
 
 Ex parte Southland Bank,
 
 514 So.2d 954, 955 (Ala.1987) (citations omitted).
 

 The petition is denied because the fictitious-party/relation-back issue in this case is not ripe for mandamus review.
 

 PETITION DENIED.
 

 COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, MURDOCK, and SHAW, JJ., concur.
 

 [1]
 

 . The original named defendants were State Farm Fire and Casualty Company, Safeco Insurance Company of America, Russell Construction Company of Alabama, Inc., and Jade Engineering and Inspection, Inc.