Rel: January 5, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2023-2024

_____

## CR-2023-0825

_____

## Ex parte State of Alabama

## PETITION FOR WRIT OF MANDAMUS

## (In re: State of Alabama

## v.

## Donnie Lee Abernathy)

## (Cherokee Circuit Court, CC-16-256)

McCOOL, Judge.

The State of Alabama filed this petition for a writ of mandamus requesting that this Court direct Judge Andrew J. Hairston to set aside his order granting Donnie Lee Abernathy's request for a 270-day

extension of time to file his Rule 32, Ala. R. Crim. P., petition for postconviction relief. We grant the petition and issue the writ.

Facts and Procedural History

Abernathy was convicted of two counts of capital murder, and he was sentenced to death on November 29, 2021.[1] Abernathy appealed. Because Abernathy was sentenced to death after August 1, 2017, his petition for postconviction relief is governed by the Fair Justice Act ("the FJA"), which is codified at § 13A-5-53.1, Ala. Code 1975. The FJA requires that "a petition for post-conviction relief from a case in which the death penalty was imposed" be "filed within 365 days of the filing of the appellant defendant's first brief on direct appeal." § 13A-5-53.1(c).

On August 19, 2022, the State filed a motion requesting that the circuit court, "if the court has not already done so," appoint Abernathy separate counsel for the purpose of seeking postconviction relief, as required by § 13A-5-53.1(b). On September 21, 2022, the circuit court issued an order stating:

---

[1]Abernathy was also convicted of attempted murder, first-degree criminal mischief, and attempting to elude, and he was sentenced to life in prison, 10 years in prison, and 12 months in jail, respectively, for those convictions.

2

"At the December 13, 2021, hearing in this matter, Attorney Matt Green was appointed as 'standby counsel' for all post-conviction matters. Mr. Green was appointed as 'standby counsel' due to [Abernathy's] request to represent himself in all post-conviction matters.

"After a proper inquiry on the record, the Court granted [Abernathy's] motion to represent himself in the post-conviction matters. However, out of an abundance of caution and pursuant to the FJA, standby counsel was appointed for [Abernathy] for all post-conviction matters."

Abernathy filed his first brief on direct appeal on February 15, 2023, which would make his Rule 32 petition due on February 15, 2024. That brief was filed by counsel Angela Setzer, James Hubbard, and Sophia Henager. On October 10, 2023, Setzer and Hubbard moved the circuit court to appoint counsel for Abernathy for the purpose of seeking postconviction relief and to grant him a 270-day extension of time to file his Rule 32 petition. They argued in the motion that, contrary to the circuit court's findings in its earlier order, Abernathy did not move to represent himself in all postconviction matters and that Matt Green was not acting as "standby counsel" because he had been employed by the District Attorney's Office "for the last several months." On October 11, 2023, Green moved to withdraw as "standby counsel." On that same day, the State filed a motion in which it did not oppose the appointment of

counsel for the purpose of seeking postconviction relief, but it did oppose Abernathy's request for a 270-day extension of time to file his Rule 32 petition. On October 16, 2023, the circuit court entered an order that appointed Angela Morgan to represent Abernathy for the purpose of seeking postconviction relief and that granted Abernathy a 270-day extension of time to file his Rule 32 petition, which would make the petition due on November 12, 2024.[2] However, the circuit court specifically found that "direct appeal counsel's assertions that post-conviction counsel was never appointed in violation of the Fair Justice Act is without merit." After filing a motion requesting that the circuit court reconsider granting the extension of time, the State filed this petition for a writ of mandamus. Abernathy filed his answer to the petition on November 27, 2023.

Discussion

In its mandamus petition, the State argues that Judge Hairston clearly did not have authority under the FJA to grant a 270-day extension

---

[2]The 270th day following February 15, 2024, is November 11, 2024, which is Veterans Day. Therefore, the petition would be due on November 12, 2024. See Rule 1.3, Ala. R. Crim. P.

of time and, thus, that he has an imperative duty to vacate that portion

of his order. We agree.

In State v. Simpson, 354 So. 3d 1076 (Ala. Crim. App. 2021), this

Court stated:

"In order to obtain mandamus relief, a party must
establish four prerequisites:

"'Mandamus is an extraordinary remedy and
will be granted only where there is "(1) a clear legal
right in the petitioner to the order sought; (2) an
imperative duty upon the respondent to perform,
accompanied by a refusal to do so; (3) the lack of
another adequate remedy; and (4) properly
invoked jurisdiction of the court." Ex parte Alfab,
Inc., 586 So. 2d 889, 891 (Ala. 1991). This Court
will not issue the writ of mandamus where the
petitioner has "'full and adequate relief'" by
appeal. State v. Cobb, 288 Ala. 675, 678, 264 So.
2d 523, 526 (1972) (quoting State v. Williams, 69
Ala. 311, 316 (1881)).'

"Ex parte Ocwen Fed. Bank, FSB, 872 So. 2d 810, 813 (Ala.
2003). The State has a limited right of appeal in a criminal
case. See Ex parte King, 23 So. 3d 77 (Ala. 2009).

"'The State's power to appeal from an
adverse ruling in a criminal case is governed by §
12-12-70(c), Ala. Code 1975 (providing that an
appeal may be taken from a judgment declaring an
ordinance or statute invalid); § 12-22-91, Ala. Code
1975 (providing that an appeal may be taken from
a judgment holding an indictment or information
unconstitutional); and by Rule 15.7, Ala. R. Crim.

5

P. (providing that appeals may be taken from certain pre-trial orders).'

"Ex parte Sullivan, 779 So. 2d 1157, 1160 (Ala. 2000). Therefore, the State does not have a right to appeal Judge Wiggins's order granting Simpson's motion for a new trial. The State has thus established that it lacks another adequate remedy."

354 So. 3d at 1079.

First, we must determine whether the State has another adequate remedy, which would make mandamus relief inappropriate. Although any party, including the State, can appeal the circuit court's final judgment on a Rule 32 petition, see Rule 32.10, Ala. R. Crim. P., the State does not have a right to directly appeal Judge Hairston's order granting Abernathy a 270-day extension of time to file his Rule 32 petition. Relying on Ex parte Hutcherson, 847 So. 2d 386 (Ala. 2002), Abernathy argues that the State has another adequate remedy because, according to Abernathy, the State can raise this issue on appeal after the circuit court rules on Abernathy's petition. Specifically, Abernathy argues that "the Alabama Supreme Court has found mandamus relief inappropriate for determinations regarding statutes of limitations in Rule 32 proceedings." Abernathy's answer at 14. However, this argument conflates the issue of whether the limitations period was violated with

the issue of whether a trial court has the authority to create a limitations period that is contrary to the limitations period set forth in a statute. Indeed, in <u>Hutcherson</u>, the Alabama Supreme Court held that an appeal from a circuit court's final judgment in the Rule 32 proceeding provided the State with an adequate remedy by which to challenge the circuit court's denial of the State's motion to dismiss the Rule 32 petition based on an alleged violation of the limitations period and, thus, that the State was not entitled to mandamus relief regarding the denial of the motion to dismiss. 847 So. 2d at 388. However, in the present case, the State is not arguing that Abernathy's Rule 32 petition should be dismissed based on a violation of the limitations period.[3] In fact, it is undisputed that even the original 365-day limitations period has not yet run. Instead, the State is arguing that Judge Hairston did not have the authority to extend the limitations period in a way that is contrary the FJA. Thus, Abernathy's reliance on <u>Hutcherson</u> is misplaced.

Additionally, not allowing the State to raise the issue of whether the limitations period was improperly extended by the circuit court until

---

[3]That argument would not implicate the jurisdiction of the circuit court, and it would be proper on appeal after the circuit court ruled on the Rule 32 petition.

after the extension of time had passed and the circuit court had ruled on the Rule 32 petition would frustrate the purpose of the FJA, which is to pursue postconviction remedies "concurrently and simultaneously with the direct appeal of a case in which the death penalty was imposed." § 13A-5-53.1(b). Also, if the circuit court improperly extended the limitations period and the State could not raise the issue until an appeal of the circuit court's ruling on the Rule 32 petition, the petitioner would not have notice of the proper date on which the limitations period expired until it was too late to file a timely petition. Such a result would be absurd. Thus, the State has established that it lacks another adequate remedy.

Having determined that the State lacks another adequate remedy, we turn to the State's argument that Judge Hairston clearly did not have the authority under the FJA to grant a 270-day extension of time and, thus, that he has an imperative duty to vacate that portion of his order.

The Alabama Supreme Court has stated:

"In determining the meaning of a statute or a court rule, this Court looks first to the plain meaning of the words as they are written. See Tolar Constr., LLC v. Kean Elec. Co., 944 So. 2d 138, 149 (Ala. 2006) ('"'Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a

8

court is bound to interpret that language to mean exactly what it says.'"' (quoting other cases)); <u>Alabama State Bar v. Caffey</u>, 938 So. 2d 942, 948 (Ala. 2006) ('"'"[T]he construction of rules of court [is] for the court which promulgated them." ... "We start with the basic premise that words used in court rules must be given their plain meaning."'"' (quoting other cases))."

<u>Ex parte Ward</u>, 957 So. 2d 449, 452 (Ala. 2006).

Section 13A-5-53.1(c) provides that

"[a] circuit court shall not entertain a petition for post-conviction relief from a case in which the death penalty was imposed on the grounds specified in Rule 32.1(a) of the Alabama Rules of Criminal Procedure unless the petition, including any amendments to the petition, is filed within 365 days of the filing of the appellant defendant's first brief on direct appeal of a case in which the death penalty was imposed pursuant to the Alabama Rules of Appellate Procedure."

Concerning an extension of time to file the postconviction petition,

§ 13A-5-53.1 provides:

"(d) A circuit court, before the filing date applicable to the defendant under subsection (c), for good cause shown and after notice and an opportunity to be heard from the Attorney General, or other attorney representing the State of Alabama, may grant one 90-day extension that begins on the filing date applicable to the defendant under subsection (c).

"....

"(f) If post-conviction counsel files an untimely petition or fails to file a petition before the filing date applicable under this section, the circuit court shall direct post-conviction

9

counsel to show good cause demonstrating extraordinary circumstances as to why the petition was not properly filed. After post-conviction counsel's response, the circuit court may do any of the following:

"(1) Find that good cause has been shown and permit counsel to continue representing the defendant and set a new filing deadline for the petition, which may not be more than 30 days from the date the court permits counsel to continue representation.

"(2) Find that good cause has not been shown and dismiss any untimely filed petition.

"(3) Appoint new and different counsel to represent the defendant and establish a new filing deadline for the petition, which may not be more than 270 days after the date the circuit court appoints new counsel. In the instance that this subdivision is applicable and new counsel is appointed, the circuit court in which the petition is pending shall issue a final order on the petition or appeal within 180 days of the filing of the petition."

In the present case, under the plain language of the FJA, there is no authority for Judge Hairston to grant the 270-day extension of time that he granted to Abernathy. Before the applicable filing date, the circuit court can, for good cause shown and after notice and an opportunity to be heard from the State, grant one 90-day extension of time. However, the circuit court can grant a 270-day extension of time only "[i]f post-conviction counsel files an untimely petition or fails to file

10

a petition before the filing date applicable under this section," good cause demonstrating extraordinary circumstances is shown, and new counsel is appointed. In the present case, it is undisputed that Abernathy's counsel has not filed an untimely petition or failed to file a petition before the applicable filing date. In fact, the original filing date of February 15, 2024, has not passed. Therefore, under the unambiguous language of the FJA, the State has established that Judge Hairston clearly did not have the authority to grant a 270-day extension of time in the present situation, and, thus, he has an imperative duty to vacate that portion of his order.

Accordingly, this Court grants the State's petition for a writ of mandamus and orders Judge Hairston to vacate that part of his order granting Abernathy a 270-day extension of time to file his petition for postconviction relief. That action will make the Rule 32 petition due on February 15, 2024. Within its discretion, the circuit court may still grant one 90-day extension of time from that date in accordance with § 13A-5-53.1(d).

PETITION GRANTED; WRIT ISSUED.

Windom, P.J., and Kellum, Cole, and Minor, JJ., concur.